COPY

FILED

1  Janice M. Bellucci, Esq., SBN 108911
2  LAW OFFICE OF JANICE M. BELLUCCI
   571 Hartnell Road
   Santa Maria, California 93455
3  Tel:   (805) 896-7854          2013 MAR 20  PM 4: 07
   Fax:   (805) 928-8736
4  JMBellucci@aol.com             CLERK U.S. DISTRICT COURT
                                   CENTRAL DIST. OF CALIF.
5  Attorney for Plaintiffs for John Doe #1, John Doe #2,      LOS ANGELES
   John Doe #3, John Doe #4, John Doe #5, John Doe #6,   BY _____
6  John Doe #7, John Doe #8, Jane Doe #9, and Jane Doe
   #10
7

8                   UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                        WESTERN DIVISION

11

12
   JOHN DOE #1, an individual; JOHN DOE #2,   Case No.: EDCV 13-514-JGB
13  an individual; JOHN DOE #3, an individual;                    (DTBx)
   JOHN DOE #4, an individual; JOHN DOE #5,
14  an individual; JOHN DOE #6, an individual;
   JOHN DOE #7, an individual; JOHN DOE #8,   VERIFIED COMPLAINT FOR RELIEF
15  an individual; JANE DOE #9, an individual; and
   JANE DOE #10, an individual.              [Violations of RICO]      BY FAX
16
                  Plaintiffs,               [Violations of Right of Publicity]
17
   vs.                                      [Intentional Infliction of Emotional Distress]
18
   BRENT OESTERBLAD, an individual;
19  DAVID OESTERBLAD, an individual;
   CHUCK RODRICK II, an individual;
20  CHARLES DAVID GILSON, an individual;      DEMAND FOR JURY TRIAL
   TRACI HEISIG, an individual; and DOES 1
21  through 10, inclusive,

22               Defendants.

23

24                        INTRODUCTION

25     1.     This action challenges Defendants' violations of the Racketeer Influenced and

26  Corrupt Organizations (RICO) Act, 18 U.S.C. §1961, et seq., due to Defendants' conspiracy to

27  violate the RICO Act through a pattern of racketeering activity, including but not limited to,

28

1    extortion of Plaintiffs by requiring payment to remove their names, photographs, and/or

2    identification as "sex offenders" from multiple websites available to the public.

3         **2.**      This action also challenges Defendants' publication of Plaintiffs' names and

4    photographs on websites available to the public without Plaintiffs' prior consent in violation of the

5    California right of publicity, California Civil Code §3344, as well as Defendants' intentional

6    infliction of emotional distress upon Plaintiffs.

7                           **JURISDICTION AND VENUE**

8         3.      This court has jurisdiction over this action under 18 U.S.C. §1964(c).

9         4.      Under 28 U.S.C. §1391(b)(2), venue is proper in this Federal district because a

10   substantial part of the events giving rise to the claims have occurred and continue to occur in this

11   district.

12                                 **PLAINTIFFS**

13        5.      Plaintiff John Doe #1 is a resident of the City of Grover Beach, California, and a

14   citizen of the United States, and was both at all times mentioned herein and relevant to this action.

15   Plaintiff John Doe #1 is required to register as a sex offender as a result of his conviction in 1979 in

16   a Superior Court of California for violation of a sex-related offense, that is, California Penal Code

17   Section 288. Information regarding Plaintiff John Doe #1, including his name and photograph, have

18   been publicly posted on privately owned websites, including but not limited to, SORarchives,

19   Offendex and Online Detective, at all times herein mentioned and relevant to this action. Plaintiff

20   did not provide Defendants with prior consent for the posting of any information regarding him,

21   including, but not limited to, his name and photograph.  Plaintiff John Doe #1 has requested and

22   paid a fee for removal of his name and photo from a privately owned website; however, his name

23   and photo remain on that website.  Plaintiff John Doe #1 has experienced both emotional and

24   financial harm, including, but not limited to, injury to his business and property as a result of the

25   publication of his name and photograph by Defendants.

26        6.      Plaintiff John Doe #2 is a resident of the City of Morongo Valley, California, and a

27   citizen of the United States, and was both at all times mentioned herein and relevant to this action.

28   Plaintiff John Doe #2 is required to register as a sex offender as a result of his conviction in 1999 in

a Superior Court of California for violation of a sex offense, that is, California Penal Code Section 311.1(a).  Information regarding Plaintiff, including his name and photograph, have been publicly posted on Defendants' websites, including but not limited to, SORarchives, Offendex and Online Detective, at all times herein mentioned and relevant to this action.  Plaintiff John Doe #2 did not provide Defendants with prior consent for the posting of any information regarding him, including but not limited to, his name and photograph.  Plaintiff John Doe #2 has requested and paid a fee for removal of his name and photo from a privately owned website; however, his name and photo remain on that website.  Plaintiff John Doe #2 has experienced both emotional and financial harm, including, but not limited to, injury to his business and property as a result of the publication of his name and photograph by Defendants.

7.      Plaintiff John Doe #3 is a resident of the City of Monte Rio, California, and a citizen of the United States, and was both at all times mentioned herein and relevant to this action.  Plaintiff John Doe #3 is required to register as a sex offender as a result of his conviction in 1999 of a sex-related offense, that is, violation of Uniform Code of Military Justice Article 134.   Information regarding Plaintiff John Doe #3 and his conviction for a sex-related offense has never been published on a State Megan's Law website or any other government website.  However, information regarding Plaintiff John Doe #3, including his name and photograph, has been publicly posted on privately owned websites, including but not limited to, SORarchives, Offendex and Online Detective, at all times herein mentioned and relevant to this action.  Plaintiff John Doe #3 did not provide Defendants with prior consent for the posting of any information regarding him, including, but not limited to, his name and photograph.   Plaintiff John Doe #3 has requested and paid a fee for removal of his name and photo from a privately owned website; however, his name and photo remain on that website.   Plaintiff John Doe #3 has experienced both emotional and financial harm, including, but not limited to, injury to his business and property as a result of the publication of his name and photograph by Defendants.

8.      Plaintiff John Doe #4 is a resident of the City of Seattle, Washington, and a citizen of the United States, and was both at all times mentioned herein and relevant to this action.  Plaintiff was required to register as a sex offender for a period of 10 years ending in January 2013 as a result

1    of his conviction in 2002 in the State of Washington for violation of a sex-related law, that is,

2    Revised Code of Washington 9A.44.079.  Information regarding Plaintiff John Doe #4, including

3    his name and photographs, has been publicly posted on privately owned websites, including but not

4    limited to, SORarchives, Offendex and Online Detective, at all times herein mentioned and relevant

5    to this action.  Plaintiff John Doe #4 did not provide Defendants with prior consent for the posting

6    of any information regarding him, including, but not limited to, his name and photograph.   Plaintiff

7    John Doe #4 has requested and paid a fee for removal of his name and photo from a privately owned

8    website; however, his name and photo remain on that website.   Plaintiff John Doe #4 has

9    experienced both emotional and financial harm, including, but not limited to, injury to his business

10    and property as a result of the publication of his name and photograph by Defendants.

11    9.    Plaintiff John Doe #5 is a resident of the City of Seattle, Washington, and a citizen of

12    the United States, and was both at all times mentioned herein and relevant to this action.  Plaintiff

13    John Doe #5 was convicted of a sex-related offense in 1996 in the State of Washington but is not

14    required to register as a sex offender.  Information regarding Plaintiff John Doe #5, including his

15    name and photograph, has been publicly posted on privately owned websites, including, but not

16    limited to, SORarchives, Offendex and Online Detective, at all times herein mentioned and relevant

17    to this action.  Plaintiff John Doe #5 did not provide Defendants with prior consent for the posting

18    of any information regarding him, including, but not limited to, his name and photograph.   Plaintiff

19    John Doe #5 has requested and paid a fee for removal of his name and photo from a privately owned

20    website; however, his name and photo remain on that website.   Plaintiff John Doe #5 has

21    experienced both emotional and financial harm, including, but not limited to, injury to his business

22    and property as a result of the publication of his name and photograph by Defendants.

23    10.    Plaintiff John Doe #6 is a resident of the City of Almo, Kentucky, and a citizen of the

24    United States, and was both at all times mentioned herein and relevant to this action.  Plaintiff John

25    Doe #6 is not currently required to register as a sex offender.  Plaintiff John Doe #6 was convicted

26    of a sex-related offense in Arizona in 1985 and was required to register as a sex offender until 2010.

27    Information regarding Plaintiff John Doe #6 and the offense for which he was convicted was

28    published on the Kentucky Megan's Law website was removed in 2012.  Information regarding

1    Plaintiff John Doe #6, including his name and photograph, has been publicly posted on privately
2    owned websites, including, but not limited to, SORarchives, Offendex and Online Detective, at all
3    times herein mentioned and relevant to this action. Plaintiff John Doe #6 did not provide
4    Defendants with prior consent for the posting of any information regarding him, including, but not
5    limited to, his name and photograph. Plaintiff John Doe #6 has requested and paid a fee for
6    removal of his name and photo from a privately owned website; however, his name and photo
7    remain on that website. Plaintiff John Doe #6 has experienced both emotional and financial harm,
8    including, but not limited to, injury to his business and property as a result of the publication of his
9    name and photograph by Defendants.

10        11.    Plaintiff John Doe #7 is a resident of the city of Johnson City, Tennessee. Plaintiff
11   John Doe 7 was convicted of a sex-related offense in 1995in the State of Tennessee and is required
12   to register as a sex offender. On information and belief information regarding Plaintiff John Doe 7,
13   including his name and photograph, have been publicly posted on privately owned websites,
14   including, but not limited to, SORarchives, Offendex and Online Detective, at all times herein
15   mentioned and relevant to this action. Plaintiff John Doe #7 did not provide Defendants with prior
16   consent for the posting of any information regarding him, including, but not limited to, his name and
17   photograph. Plaintiff John Doe #7 has requested and paid a fee for removal of his name and photo
18   from a privately owned website; however, his name and photo remain on that website. Plaintiff
19   John Doe 7 has experienced both emotional and financial harm, including, but not limited to, injury
20   to his business and property as a result of the publication of his name and photograph by
21   Defendants.

22        12.    Plaintiff John Doe #8 is a resident of the city of Eugene, Oregon. Plaintiff John Doe
23   8 has not been convicted of a sex-related offense and is not required to register as a sex offender. On
24   information and belief, information regarding Plaintiff John Doe #8, including his name and
25   photograph, have been publicly posted on privately owned websites, including, but not limited to,
26   SORarchives, Offendex and Online Detective, at all times herein mentioned and relevant to this
27   action. Plaintiff John Doe #8 did not provide Defendants with prior consent for the posting of any
28   information regarding him, including, but not limited to, his name and photograph. Plaintiff John

1   Doe #8 has requested and paid a fee for removal of his name and photo from a privately owned

2   website; however, his name and photo remain on that website.  Plaintiff John Doe #8 has

3   experienced both emotional and financial harm, including, but not limited to, injury to his business

4   and property as a result of the publication of his name and photograph by Defendants.

5        13.     Jane Doe #9 is a resident of the city of Seattle, Washington.  Plaintiff Jane Doe #9

6   has not been convicted of a sex-related offense or any other offense and is not required to register as

7   a sex offender.  Plaintiff Jane Doe #9 is married to Plaintiff John Doe #4.  On information and

8   belief, information regarding Jane Doe #9, including her name and photograph, has been publicly

9   posted on privately owned websites, including but not limited to, SORarchives.  Plaintiff Jane Doe

10  #9 has experienced both emotional and financial harm, including but not limited to injury to her

11  business and property as a result of the publication of her name and photograph by Defendants.

12       14.     Jane Doe #10 is a resident of the city of Seattle, Washington.  Plaintiff Jane Doe #10

13  has not been convicted of a sex-related offense or any other offense and is not required to register as

14  a sex offender.  Plaintiff Jane Doe #10 is the mother of Plaintiff John Doe #5.  On information and

15  belief, information regarding Jane Doe #10, including her name and photograph, has been publicly

16  posted on privately owned websites, including but not limited to, SORarchives.  Plaintiff Jane Doe

17  #10 has experienced both emotional and financial harm, including but not limited to injury to her

18  business and property as a result of the publication of her name and photograph by Defendants.

19       15.     Plaintiffs John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #5, John

20  Doe #6, John Doe #7, John Doe #8, Jane Doe #9 and Jane Doe #10 are collectively referred to

21  herein as "Plaintiffs".

22                              **DEFENDANTS**

23       16.     On information and belief, Defendant Brent Oesterblad owns, operates, maintains,

24  serves as an agent of, and/or is employed by websites, including, but not limited to, SORarchives,

25  Offendex and Online Detective, published in California at all times herein mentioned and relevant

26  to this action.  On information and belief, Defendant Brent Oesterblad is a resident of Paradise

27  Valley, Arizona.

28

17.     On information and belief, Defendant David Oesterblad owns, operates, maintains, serves as an agent of, and/or is employed by privately owned websites, including, but not limited to, SORarchives, Offendex and Online Detective, published in California at all times herein mentioned and relevant to this action.   On information and belief, Defendant David Oesterblad is a resident of Tempe, Arizona.

18.     On information and belief, Defendant Chuck Rodrick II owns, operates, maintains, serves as an agent of, and/or is employed by privately owned websites, including, but not limited to, SORarchives, Offendex and Online Detective, published in California at all times herein mentioned and relevant to this action.   On information and belief, Defendant Chuck Rodrick II is a resident of Desert Hills, Arizona.

19.     On information and belief, Defendant Charles David Gilson owns, operates, maintains, serves as an agent of, and/or is employed by privately owned websites, including, but not limited to, SORarchives, Offendex and Online Detective, published in California at all times herein mentioned and relevant to this action.   On information and belief, Defendant Charles David Gilson is a resident of Desert Hills, Arizona.

20.     On information and belief, Defendant Traci Heisig owns, operates, maintains, serves as an agent of, and/or is employed by privately owned websites, including, but not limited to, SORarchives, Offendex and Online Detective, published in California at all times herein mentioned and relevant to this action.   On information and belief, Defendant Traci Heisig is a resident of Desert Hills, Arizona.

21.     The true names and capacities of Defendants sued as Does 1 through 10 are unknown to Plaintiffs, who therefore sues such Defendants by fictitious names.   Plaintiffs will seek leave to amend this Complaint, if necessary, to reflect the true names once they have been ascertained.

22.     Defendants Brent Oesterblad, David Oesterblad, Chuck Rodrick II, Charles David Gilson, Traci Heisig and Does 1 through 10 are collectively referred to herein as "Defendants".

## FACTUAL ALLEGATIONS

23.     On information and belief, Defendants owned, operated, maintained, served as agents of, and/or were employed by the website "Offendex" published in California and all states within

1  the United States. The "Offendex" website listed names and photographs of Plaintiffs without

2  obtaining prior consent from Plaintiffs. In addition, Defendants identified eight plaintiffs (John

3  Does 1 through 8) as sex offenders on that website.

4      24.    On information and belief, Defendants have conspired to extort money from

5  Plaintiffs when they required Plaintiffs to pay up to $500 for removal of their names and

6  photographs from the "Offendex" website. When Plaintiffs failed to pay Defendants for removal of

7  this information from the "Offendex" website, the information continued to be published therein.

8      25.    As a result of the publication of their names and photographs on the "Offendex"

9  website, Plaintiffs have experienced both emotional and financial harm, including injury to business

10  and property.

11      26.    On information and belief, Defendants own, operate, maintain, serve as agents of,

12  and/or are employed by the website "Online Detective" published in California and all states within

13  the United States. The "Online Detective" website listed names and photographs of Plaintiffs

14  without obtaining prior consent from Plaintiffs. In addition, Defendants identified eight plaintiffs

15  (John Does 1 through 8) as sex offenders on that website.

16      27.    On information and belief, Defendants conspired to extort money from Plaintiffs by

17  requiring each of them to pay for removal of their names and photographs from the "Online

18  Detective" website. When Plaintiffs failed to pay Defendants for removal of this information from

19  the "Online Detective" website, the information continued to be published therein.

20      28.    As a result of the publication of their names and photographs as well as identified as

21  a sex offender on the "Online Detective" website, Plaintiffs have experienced both emotional and

22  financial harm, including injury to business and property.

23      29. On information and belief, Defendants own, operate, maintain, serve as agents of, and

24  are employed by the website "SORarchives" published in California and all states within the United

25  States. The "SORarchives" website listed names and photographs of Plaintiffs without obtaining

26  prior consent from Plaintiffs. In addition, Defendants identified eight plaintiffs (John Does 1

27  through 8) as sex offenders on that website.

28

30.     On information and belief, Defendants have conspired to extort money from Plaintiffs by requiring each of them to pay for removal of their names and photographs from the "SORarchives" website.  Plaintiffs have paid Defendants to remove this information from the "SORarchives" website; however, the information continues to be published therein.

31.     As a result of the publication of their names and photographs as well as being identified as a sex offender on the "SORarchives" website, Plaintiffs have experienced both emotional and financial harm, including injury to business and property.

32.     Upon information and belief, Defendants have many paying customers who reside in the State of California who each use Defendants' respective services in the State of California. Upon information and belief, Defendants conduct continuous and systematic business in the State of California including in the counties within the jurisdiction of this court.

33.     Upon information and belief, Plaintiffs allege that Defendants gained great pecuniary benefit from the unauthorized use of Plaintiffs' names and images by using them to build their businesses and promote their services.

34.     Defendants' conspired to obtain money from Plaintiffs in exchange for removal of information regarding Plaintiffs from the aforementioned websites constitutes extortion as defined in California Penal Code §518 which states, "(e)xtortion is the obtaining of property from another, with his consent,....,induced by a wrongful use of force or fear."

35.     Defendants' acts of extortion as described above constitute a pattern of racketeering activity in violation of 18 U.S.C. Section 1961 et seq., Racketeer Influenced and Corrupt Organizations (RICO).

36.     Defendants' failure to obtain prior consent from Plaintiffs before publishing their names and photographs on the "Offendex", "Online Detective" and "SORarchives" websites violates California Civil Code §3344.

37.     Defendants have intentionally inflicted emotional distress upon Plaintiffs.

38.     Unless Defendants are enjoined from further use and publication of the names and photographs of all Plaintiffs, as well as the identification of some plaintiffs as sex offenders, Plaintiffs will suffer further irreparable injury.

**FIRST CLAIM**

**(18 U.S.C. § 1961 – Racketeer Influenced and Corrupt Organization (RICO))**

39.     Plaintiffs re-allege paragraphs 1 through 38 of this Complaint as though fully set forth herein.

40.     RICO provides that it is unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.  18 U.S.C. §1962(c).

41.     RICO defines enterprise as an individual, partnership, corporation, association, or other legal entity.  18 U.S.C. §1961(4).

42.     RICO defines patterns of racketeering activity as at least two acts of racketeering activity, one of which occurred after the effective date of its chapter.  18 U.S.C. §1961(5).

43.     The definition of racketeering activity in RICO includes extortion.  18 U.S.C. §1961(1)(A).

44.     Defendants are employed by or associated with an enterprise that has engaged in interstate commerce through the creation, operation, administration, and maintenance of at least three websites published in all 50 states.

45.     The enterprise which has created, operated, and maintained the websites has conducted in racketeering activity due to its extortion of funds from Plaintiffs.

46.     As a result of their employment by or association with such enterprise, Defendants have derived income, directly or indirectly, from a pattern of racketeering activity.

47.     The racketeering activities of Defendants have caused injury to Plaintiffs' business and/or property by publication of their names and photographs on the aforementioned websites as well as requiring them to pay the enterprise in order to have their name and photograph removed from the aforementioned websites.

## SECOND CLAIM

### (California Civil Code §3344 – Right of Publicity)

48.     Plaintiffs re-allege paragraphs 1 through 38 of this Complaint as though fully set forth herein.

49.     California Civil Code §3344(a) prohibits any person from knowingly using another person's name or photograph for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent. Photograph means any photograph or photographic reproduction such that the person is readily identifiable.

50.     By using the names and photographs of the Plaintiffs on and in connection with the advertising or selling, or soliciting purchases of, services of the Defendants' websites, Defendants are infringing Plaintiffs' right to publicity, specifically, but not limited to, the offer of the removal services.

51.     The conduct ascribed above to the Defendants herein constitutes a violation of California Civil Code §3344(a) and such violation is the direct and proximate cause of the injuries sustained by Plaintiffs and the injuries that will be further inflicted upon Plaintiffs should Defendants continue to use Plaintiffs' images for commercial use.

52.     The status of the photographs and names as part of the public record does not relieve Defendants of the obligation to obtain consent from those whose persona they are exploiting for commercial gain.

53.     Defendants wrongfully use Plaintiffs' personas for a commercial purpose in multiple ways, including, but not limited to, sales of the photo-removal services, which is not in connection with any news, public affairs, sports broadcast or account or any political campaign, thereby falling outside of the exceptions under California Civil Code §3344(b)(2).

## THIRD CLAIM

### (Intentional Infliction of Emotional Distress)

54.     Plaintiffs re-allege paragraphs 1 through 37 of this Complaint as though fully set forth herein.

55.     Defendants' publication of Plaintiffs' names and photographs as well as their identification of a sex offender on three public websites is outrageous conduct because it knowingly placed Plaintiffs at risk of grave physical harm, even death, unemployment, and homelessness.

56.     Defendants' acts were performed with reckless disregard as to risks associated with the publication of Plaintiffs' names and photographs.

57.     Plaintiffs have suffered severe emotional distress, including public humiliation and depression, due to risk of grave physical harm, lost employment opportunities, and inability to obtain adequate housing.

58.     As a direct and proximate result of Defendants' outrageous acts, Plaintiffs have suffered emotional distress resulting in the need for professional medical services, including, but not limited to, psychological counseling and medical assistance.

**PRAYER FOR RELIEF**

59.     Because of the actions alleged above, Plaintiffs seek judgment against Defendant as follows:

        a.     Temporary and permanent injunctive relief;

        b.     Actual damages, including any profits derived from or attributable to the unauthorized use of Plaintiffs' names and photographs;

        c.     Punitive damages for the willful violation of Plaintiffs' right of publication;

        d.     Order requiring Defendants to divest themselves of any interest, direct or indirect, in any website;

        e.     Treble damages;

        f.     Costs, expenses, and reasonable attorney's fees.

        g.     Any other and further relief the Court deems necessary, just or proper.

Dated:  March 20, 2012

                         LAW OFFICE OF JANICE M. BELLUCCI

                         By: _Janice M. Bellucci_

                         Janice M. Bellucci, Attorney for Plaintiffs

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

JOHN DOE 1, an individual; JOHN DOE 2, an individual; JOHN DOE 3, an individual; JOHN DOE 4, an individual; JOHN DOE 5, an individual; JOHN DOE 6, an individual; JOHN DOE 7, an individual; JOHN DOE 8, an individual; JANE DOE 9, an individual; and JANE DOE 10, an individual,

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

BRENT OESTERBLAD, an individual; DAVID OESTERBLAD, an individual; CHUCK RODRICK II, an individual; CHARLES DAVID GILSON, an individual; TRACI HEISIG, an individual; and DOES 1 through 10, inclusive,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Janice M. Bellucci, Esq., SBN 108911
571 Hartnell Road
Santa Maria, California 93455
Tel: (805) 896-7854

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**BY FAX**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

| | |
|---|---|
| ☐ 1. U.S. Government Plaintiff | ☒ 3. Federal Question (U.S. Government Not a Party) |
| ☐ 2. U.S. Government Defendant | ☐ 4. Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

| | | | | |
|---|---|---|---|---|
| ☒ 1. Original Proceeding | ☐ 2. Removed from State Court | ☐ 3. Remanded from Appellate Court | ☐ 4. Reinstated or Reopened | ☐ 5. Transferred from Another District (Specify) ☐ 6. Multi-District Litigation |

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §1961

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☒ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number: _EDCV13-514_

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ___ A. Arise from the same or closely related transactions, happenings, or events; or

___ B. Call for determination of the same or substantially related or similar questions of law and fact; or

___ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

___ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Luis Obispo County | San Bernardino County; San Francisco County; State of Washington, State of Kentucky, State of Tennessee, State of Oregon |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Maricopa County, Arizona |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Luis Obispo County | San Bernardino County; San Francisco County; State of Washington, State of Kentucky, State of Tennessee, State of Oregon, State of Arizona |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** *Janine M. Bellucci*   DATE: March 20, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA



### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Jesus Bernal and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

## EDCV13- 514 JGB (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Janice M. Bellucci, Esq., 108911
571 Hartnell Road
Santa Maria, CA 93455
805 896 7854

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

JOHN DOE 1, an individual; JOHN DOE 2, an individual; JOHN DOE 3, an individual;
JOHN DOE 4, an individual; JOHN DOE 5, an individual; JOHN DOE 6, an individual;
JOHN DOE 7, an individual; JOHN DOE 8, an individual; JANE DOE 9, an individual;
and JANE DOE 10, an individual,

CASE NUMBER

PLAINTIFF(S)

v.

CV13-514-JGB (DTBx)

BRENT OESTERBLAD, an individual; DAVID OESTERBLAD, an individual; CHUCK
RODRICK II, an individual; CHARLES DAVID GILSON, an individual; TRACI HEISIG, an
individual; and DOES 1 through 10, inclusive,

SUMMONS

DEFENDANT(S)

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Janice M. Bellucci_____, whose address is _571 Hartnell Road, Santa Maria, CA 93455_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   MAR 2 0 2013

By: _____

MARILYN DAVIS

Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*