1  Janice M. Bellucci, Esq., SBN 108911
   LAW OFFICE OF JANICE M. BELLUCCI
2  571 Hartnell Road
   Santa Maria, California 93455
3  Tel: (805) 896-7854
   Fax: (805) 928-8736
4  JMBellucci@aol.com

5

6  Attorney for Plaintiffs John Doe #1, John Doe #2,
   John Doe #3, John Doe #4, John Doe #5, John Doe #6,
7  John Doe #7, John Doe #8, Jane Doe #9, and Jane Doe #10

8

9                  UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11

12  JOHN DOE #1, an individual; JOHN DOE #2,     | Case No.:  EDCV13 - 514 JGB(DTBx)
    an individual; JOHN DOE #3, an individual;   |
    JOHN DOE #4, an individual; JOHN DOE #5,     |
13  an individual; JOHN DOE #6, an individual;   |
    JOHN DOE #7, an individual;  JOHN DOE #8,    |
14  an individual; JANE DOE #9, an individual; and | **APPLICATION FOR LEAVE TO
    JANE DOE #10, an individual,                 | PROCEED UNDER PSEUDONYM AND
15                                               | TO FILE UNDER SEAL**
                        Plaintiffs,              |
16  vs. ·                                        |
17                                               |
    BRENT OESTERBLAD, an individual;             |
18  DAVID OESTERBLAD, an individual;             |
    CHUCK RODRICK II, an individual;             |
19  CHARLES DAVID GILSON, an individual;         |
    TRACI HEISIG, an individual; and DOES 1      |
20  through 10, inclusive,                       |
21                                               |
                        Defendants.              |
22

23     I.     INTRODUCTION

24         Plaintiffs submit this application concurrently with the Complaint in this action and

25  hereupon request leave to proceed under the pseudonyms "JOHN DOE 1," "JOHN DOE 2," "JOHN

26  DOE 3," "JOHN DOE 4," "JOHN DOE 5," "JOHN DOE 6," "JOHN DOE 7," "JOHN DOE 8",

27  "JANE DOE 9" and "JANE DOE 10".   In this lawsuit, filed against Defendants Brent Oesterblad,

28

1   David Oesterblad, Chuck Rodrick II, Charles David Gilson, and Traci Heisig for violations of 18

2   U.S.C. §1961 and California Civil Code §3344 as well as Intentional Infliction of Emotional

3   Distress, Plaintiffs seek to remain anonymous because of the sensitive nature of the issues involved

4   and to ensure their physical safety and emotional well-being.

5          In this lawsuit, Plaintiffs contend that Defendants' violations of the laws above have

6   caused and continue to cause injury to their business and property. See Complaint. Further

7   disclosure of Plaintiffs' identities in connection with this case would unnecessarily prejudice

8   Plaintiffs' case and prevent Plaintiffs, and others in their situation, from vindicating their rights.

9      **II.     FACTUAL BACKGROUND**

10         There are ten plaintiffs in this case. All plaintiffs are citizens of the United States

11  and three plaintiffs (John Doe #1, John Doe #2 and John Doe #3) are residents of California, at all

12  times relevant to this action. All John Doe plaintiffs have been convicted of a sex-related offense.

13  Jane Doe #9 is related to John Doe #4 by marriage and Jane Doe #10 is the mother of John Doe #5.

14  All John Doe plaintiffs except three (John Doe #4, John Doe #5 and John Doe #6) are currently

15  required to register as sex offenders and have been so required at all times relevant to this action.

16         The plaintiffs pose no threat to the community and have led productive and law-

17  abiding lives since conviction. They are reasonably concerned that they will face threats of

18  harassment and physical violence if their true identities are disclosed as a result of participation in

19  this lawsuit.

20         Individuals convicted of sex offenses have repeatedly been subject to employment

21  and social discrimination, threats and harassment, and physical violence as a result of publication of

22  their crimes. See, e.g., Corey Kilgannon, "Threats of Violence as Homes for Sex Offenders

23  Cluster," New York Times, Oct. 9, 2006 (reporting on an arson and murder plot against registered

24  sex offenders); "Killer's Use of Sex-Offender List," New York Times, April 19, 2006 (reporting

25  how the murderer of two registered sex offenders located his victims); Associated Press, "Two Sex

26  Offenders Shot to Death in Their Homes," New York Times, April 17, 2006 (same).

27         Plaintiffs are productive members of their communities, albeit operating at a

28  disadvantage due to Defendants' unlawful acts. Two plaintiffs (John Doe #1 and John Doe #4)

1    have already received threats and harassment as a result of publication of their offenses. *See* Doe

2    Decs. These threats and harassments are likely to resume and intensify if the identities of registrant

3    plaintiffs are made public as a result of this lawsuit. This lawsuit is expected to attract the attention

4    of local, state and national media. *See* Doe Decs. Widespread publication of the identities of

5    registrant plaintiffs would largely defeat the purpose of this lawsuit and chill opportunities to

6    vindicate their legal rights.

7    **III.    LEGAL AUTHORITY TO PROCEED ANONYMOUSLY**

8    Federal Rules of Civil Procedure 10(a) instructs that Federal complaints "include the

9    names of all parties." However, the Ninth Circuit has held that "a party may preserve his or her

10   anonymity in judicial proceedings in special circumstances when the party's need for anonymity

11   outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."

12   *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). More

13   specifically, a plaintiff may proceed under a pseudonym when, as here, "identification creates a risk

14   of retaliatory physical or mental harm" or when the anonymous party is "compelled to admit [his or

15   her] intention to engage in illegal conduct, thereby risking criminal prosecution." *Ibid.* Here,

16   Plaintiffs are most concerned about the risk of retaliation for challenging the aforementioned

17   violations, yet the other circumstances justifying anonymity also apply.

18   In *Doe I v. Otte*, 259 F.3d 979, 983 (9th Cir. 2001), *rev'd on other grounds*, *Smith v.*

19   *Doe*, 538 U.S. 84 (2003), the Ninth Circuit held that "special circumstances" may require a District

20   Court to permit a plaintiff to proceed under a pseudonym when a plaintiff challenges that a sex

21   offender registration restriction scheme is unconstitutional. *Doe I* involved a challenge to Alaska's

22   sex offender registration rules. The District Court nonetheless (initially) denied the *Doe I* plaintiffs'

23   motion to proceed anonymously and dismissed the case when the plaintiffs refused to amend their

24   complaint to include their true identities. The Ninth Circuit reversed the District Court's order and

25   held that "the plaintiffs [may] proceed under pseudonyms." *Doe I*, 259 F.3d at 983; *see also A.A. v.*

26   *New Jersey*, 176 F. Supp. 2d 274, 278 (D.N.J. 2001) (granting motion for a permanent sealing order

27   and permission to use pseudonyms in order to preserve the confidentiality of plaintiffs' identities);

28   *Doe No. 1 v. Williams*, 167 F. Supp. 2d 45, 47, n.1 (D.D.C. 2001) (same); *Doe v. Ward*, 124 F.

**APPLICATION FOR LEAVE TO PROCEED UNDER PSEUDONYM AND TO FILE UNDER SEAL**

1   Supp. 2d 900, 902, n.2 (W.D.Pa. 2000) (same); *cf. Byron M. v. City of Whittier*, 46 F. Supp. 2d

2   1037, 1038 n.1 (C.D.Cal. 1998) (noting unwanted media attention because "Plaintiff's own lawsuit

3   … was erroneously not filed under a pseudonym."). The identical situation is not precisely present

4   here but the same principle is to be applied because Plaintiffs are pursuing their rights under RICO

5   as *private Attorneys General*.

6       Because Plaintiffs are willing to disclose their true identities under seal, the

7   Defendant is not prejudiced if Plaintiffs are permitted to proceed under a pseudonym. Because the

8   public will not be prevented from observing the proceedings or rulings of this court, its interest in

9   the identities of Plaintiffs is insignificant compared to the threat of exposure and even physical harm

10  to Plaintiffs.    Therefore, sufficient "special circumstances" exist to permit Plaintiffs to proceed

11  with this lawsuit under a pseudonym. *Doe I v. Otte*, 259 F.3d at 983; *Does I thru XXIII*, 214 F.3d at

12  1068.

13

    Dated: March 22, 2013                    LAW OFFICE OF JANICE M. BELLUCCI
14

15

                                             By: *Janice M. Bellucci*
16                                               Janice M. Bellucci
                                                 Attorney for Plaintiffs John Doe #1, John Doe
17                                               #2, John Doe #3, John Doe #4, John Doe #5,
                                                 John Doe #6, John Doe #7, John Doe #8, Jane
18                                               Doe #9, and Jane Doe #10

19

20

21

22

23

24

25

26

27

28

APPLICATION FOR LEAVE TO PROCEED UNDER PSEUDONYM AND TO FILE UNDER SEAL