**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| John Doe, et al., | No. CV-13-01300-PHX-SRB |
| Plaintiffs, | **ORDER** |
| v. | |
| Brent Oesterblad, et al., | |
| Defendants. | |

At issue is Plaintiff's [sic] Notice of Motion and Motion for Sanctions; Memorandum of Points and Authorities in Support Thereof (1) Defendant's [sic] Failure to Obey a Pretrial Order (Fed. R. Civ. P. 16(f)(1)(C).) (2) Defendant's [sic] Civil Contempt of Court (Fed. R. Civ. P. 37(b)(2)(A)(vii).) ("Pls.' Mot.") (Doc. 82).

**I.     BACKGROUND**

This case was originally filed in the Central District of California. (*See* Doc. 1, Verified Compl. for Relief.) That court entered an Order allowing Plaintiffs to proceed under pseudonyms and requiring all information that would identify them to be filed under seal. (Doc. 14, Apr. 2, 2013 Order Granting Appl. for Leave to Proceed Under a Pseudonym & Ordering All Information Identifying Pls.' True Identities Be Filed Under Seal.) The parties were also ordered "not to reveal Plaintiffs' true identities (or distinguishing characteristics) by any means to any other person or entity not authorized by this Court to receive such information." (*Id.* at 2.) Plaintiffs are now moving for sanctions against numerous parties (including Defendants, Defendants' counsel, and a non-party) for publicly disclosing their identities on a website. (Pls.' Mot. at 2, 4.)

Plaintiffs argue that because they were allowed to reveal their true identities only to Defendants' attorneys, the attorneys of record must have been the people that revealed Plaintiffs' names to Brent Oesterblad (initially named as a Defendant, but never served), who in turn published Plaintiffs' surnames on a website. (*Id.* at 4.)[1] Based on this deductive reasoning, Plaintiffs seek sanctions against "defendant Chuck Rodrick II, former defendant Brent Oesterblad, counsels of record Garrick McFadden and Daniel Warner, as well as the law firm of Kelly Warner, PLLC." (*Id.* at 2.) In response, Daniel Warner, an attorney at Kelly Warner, PLLC representing Rodrick, argues that he does not even know Plaintiffs' true identities because Plaintiffs' counsel has not disclosed their identities to him or his firm and also notes that he does not and has never represented Brent Oesterblad. (Doc. 84, Counsel's Resp. to Pls.' Mot. ("Counsel's Resp.") at 2.)[2] Mr. Rodrick filed a separate response stating that Plaintiffs' Motion is not supported by sufficient evidence and that he "is an independent contractor employed by the company that owned and/or owns [the websites at issue] and Defendant does not have administrative control of the Websites." (Doc. 86, Resp. to Pls.' Mot.) Mr. Oesterblad is no longer a party to this case and has not filed a response to Plaintiffs' Motion. (*See* Doc. 76, Sept. 24, 2013 Order (dismissing Oesterblad as a Defendant).)[3] Plaintiffs did not file a reply brief.

## II.   LEGAL STANDARDS AND ANALYSIS

District courts have the inherent authority to impose sanctions for non-compliance with court orders. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). The party moving for sanctions must establish by clear and convincing evidence that the other party

---

[1] The responses before the Court do not argue that anyone other than Mr. Oesterblad was responsible for posting a comment on a website under the name "Brent Oesterblad." (*See id.*, Ex. B.)

[2] Mr. Warner has also filed a signed declaration to support his arguments. (*See id.*, Ex. A, Decl. of Daniel R. Warner.) Garrick McFadden, also an attorney at Kelley Warner, PLLC, has filed a joinder to Mr. Warner's Response. (Doc. 85, Garrick McFadden's Joinder to Doc. 84 – Counsels [sic] Resp. to Pls.' Mot.)

[3] There is no evidence that Plaintiffs mailed a copy of their Motion to Mr. Oesterblad or that he was otherwise served with a copy.

- 2 -

1 violated a court order. *See F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). If a court decides that it should sanction a party for failure to comply with a court order, it also has discretion to determine the appropriate sanction. *See Chambers*, 501 U.S. at 55.

Based on the record before it, the Court cannot say with any degree of certainty that anyone other than Brent Oesterblad played a role in the publication of Plaintiffs' identities. On one hand the Court has allegations from Plaintiffs that Defendants and their counsel must have played a role in the disclosure and on the other hand the Court has a signed declaration stating that Defendant Rodrick and his counsel were not involved in the disclosure. These contradictory statements are not clear and convincing evidence that anyone other than Brent Oesterblad played a role in the disclosure of Plaintiffs' identities. Furthermore, the Court dismissed Oesterblad from this case because he was never served with the Summons and Complaint and Plaintiffs have provided no evidence of service of the Order prohibiting the disclosure of Plaintiffs' identities on Oesterblad. (Doc. 76, Sept. 24, 2013 Order.) The Court is unaware of any law giving it the authority to sanction a party who was never served with an order for failing to comply with that order. The Court denies Plaintiffs' Motion because they have not shown by clear and convincing evidence that any person served with the Court's Order prohibiting the disclosure of their identities violated that Order.

**IT IS ORDERED** denying Plaintiff's [sic] Notice of Motion and Motion for Sanctions; Memorandum of Points and Authorities in Support Thereof (1) Defendant's [sic] Failure to Obey a Pretrial Order (Fed. R. Civ. P. 16(f)(1)(C).) (2) Defendant's [sic] Civil Contempt of Court (Fed. R. Civ. P. 37(b)(2)(A)(vii).) (Doc. 82).

Dated this 19th day of December, 2013.

_____
Susan R. Bolton
United States District Judge