**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| John Doe, et al., | No. CV-13-01300-PHX-SRB |
| Plaintiffs, | **ORDER** |
| v. | |
| Brent Oesterblad, et al., | |
| Defendants. | |

At issue is a non-party's Motion to Quash Subpoena and Terminate Deposition ("MTQ") (Doc. 95).

**I.   BACKGROUND**

This case involves allegations that Defendant Charles Rodrick and others defrauded Plaintiffs by posting information on websites suggesting that Plaintiffs were sex offenders and then demanding payment from Plaintiffs to have the information removed. (*See* Doc. 15, Am. & Verified Compl. for Relief ("FAC") ¶ 1.) Lois Flynn, Defendant Charles Rodrick's ex-wife, made a declaration in support of Plaintiffs' opposition to a motion to dismiss for lack of personal jurisdiction that Rodrick filed that included information about Rodrick's business ventures and personal assets. (*See* Doc. 41 ("Flynn Decl.").) Rodrick then had a subpoena issued to Ms. Flynn ordering her to appear to be deposed on January 16, 2014. (MTQ, Ex. 1, Subpoena to Testify at a Dep. in a Civil Action.) Ms. Flynn now moves to have that subpoena quashed because it was issued in bad faith, is premature, and was not properly served. (MTQ at 3-4.)

The Court quashes the subpoena for several reasons. First, the subpoena seeks

discovery prematurely as there is no evidence that the parties had met and conferred in anticipation of the Rule 16 scheduling conference by the time Defendant issued the subpoena. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."). Second, Defendant did not notice the deposition, Plaintiffs did not stipulate to the deposition, and the Court did not grant leave for the deposition. *See* Fed. R. Civ. P. 30(a)(2) ("A party must obtain leave of court . . . (A) if the parties have not stipulated to the deposition and: . . . (iii) the party seeks to take the deposition before the time specified in Rule 26(d) . . . ."); 30(b) ("A party who wants to depose a person by oral questions must give reasonable written notice to every other party."). Finally, the evidence shows that Ms. Flynn was never properly served with the subpoena. Although a process server filed an affidavit stating that he personally served Ms. Flynn at her workplace at 2:39 pm on November 26, 2013, Ms. Flynn has provided (1) an affidavit from a receptionist at her office stating that the process server left the paperwork with her—not Ms. Flynn, and (2) proof that she had plane tickets for a flight that left Phoenix at 6:00 am on November 26, 2013 and therefore could not have been at her office at 2:39 pm. (*See* Doc. 102, Reply to MTQ, Exs. 1-2.)

**IT IS ORDERED** granting Lois Flynn's Motion to Quash Subpoena and Terminate Deposition (Doc. 95).

**IT IS FURTHER ORDERED** quashing the subpoena issued by the Clerk of Court to Lois Flynn. Her deposition scheduled for January 16, 2014 shall not take place.

Dated this 6th day of January, 2014.

_____
Susan R. Bolton
United States District Judge