Janice M. Bellucci, Esq., SBN 108911
LAW OFFICE OF JANICE M. BELLUCCI
235 East Clark Avenue, Suite C
Santa Maria, California 93455
Tel:   (805) 896-7854
Fax:   (805) 928-8736
JMBellucci@aol.com

Attorneys for Plaintiffs John Doe#1, John Doe #2,
John Doe #3, John Doe # 4, John Doe # 5, John Doe
# 6, John Doe # 8, Jane Doe #9, Jane Doe #10

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| JOHN DOE #1, an individual; JOHN DOE # 2 an individual; JOHN DOE #3, an individual; JOHN DOE #4, an individual; JOHN DOE #5, an individual; JOHN DOE #6, an individual; JOHN DOE #8, an individual; JANE DOE #9, an individual; and JANE DOE #10, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>CHUCK RODRICK II, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV13-01300-PHX-SRB<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>(1) **DEFENDANT'S FAILURE TO OBEY A PRETRIAL ORDER** (Fed. R. Civ. P. 16(f)(1)(C).)<br><br>(2) **DEFENDANT'S CIVIL CONTEMPT OF COURT** (Fed. R. Civ. P. 37(b)(2)(A)(vii).)<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**HONORABLE SUSAN R. BOLTON** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

YOU ARE HEREBY NOTIFIED THAT Plaintiff John Doe #4 hereby moves the Court for an order imposing maximum sanctions against defendant Chuck Rodrick II pursuant to Federal Rule of Civil Procedure 16(f). This motion is made on the ground that defendant has violated and continues to violate a pretrial order prohibiting Defendant from revealing the true identities of all Plaintiffs, including but not limited to, John Doe #4.

Plaintiff John Doe #4 alleges that Defendant, an owner of the SORArchives website[1], has published and continues to publish his true name, home address[2], map to home and photo of home on that public website. See *Exhibits A and B*[3]. On the SORArchives website, Defendant has also published and continues to publish that John Doe #4 is a plaintiff in this case as well as details regarding this case, including court actions taken in both California and Arizona. See *Exhibit A, pages 2 and 3, paragraphs 1 through 6*. Further, Defendant has published and continues to publish on the SORArchives website confidential information regarding a complaint filed by John Doe #4 against Defendant with a state Office of Attorney General[4]. See *Exhibit A, pages 1 and 2*.

This motion is based upon this notice, the attached memorandum in support thereof, the records and files in this action, and oral argument, if any, at the time of hearing. Because Defendant has jeopardized plaintiff's physical safety and business, plaintiff seeks monetary sanctions pursuant to the Court's inherent authority in the amount of $10,000, in addition to reasonable attorney's fees and costs.

---

[1] See Declaration of Lois Flynn, page 4, paragraph 17. (Docket #41).

[2] The home address of Plaintiff John Doe #4 makes reference to the block in which he lives as do the map and photos.

[3] In accordance with the court's order dated April 2, 2013, Exhibits A and B have been submitted as separate sealed documents.

[4] The name of the state in which John Doe #4 has filed a complaint with an Office of Attorney General is not included in this motion in order to protect the identity of John Doe #4, however, that information is included in Exhibit A.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff brings this Motion for Sanctions against defendant Chuck Rodrick ("Defendant"). In the pending motion for sanctions, Plaintiff alleges that Defendant failed to obey a pretrial order pursuant to Federal Rules of Civil Procedure 16(f)(1)(C), which prohibits Defendant from revealing the true identities of a plaintiff (or any information or distinguishing characteristics which could reveal a plaintiff's true identity) to anyone other than attorneys litigating this case on his behalf. Plaintiff requests that this Court impose maximum sanctions, as stipulated in the Court's pretrial order of April 2, 2013, upon Defendant, including imposition of reasonable attorney's fees and costs pursuant to the Court's inherent authority and Federal Rules of Civil Procedure 16(f)(2).

## II.  BACKGROUND

On March 22, 2013, Plaintiffs filed a verified complaint for monetary damages and injunctive relief in United States District Court, Central District of California, against Defendant alleging a violation of the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §1961, et seq.; a violation of the California right of publicity, California Civil Code §3344; and Defendant's negligent and/or intentional infliction of emotional distress upon Plaintiffs.

On April 2, 2013, United States District Court, Central Division of California, issued a pretrial order for leave of Plaintiffs to proceed under pseudonym and Plaintiffs' order that all information identifying Plaintiffs' true identities be filed under seal. (See *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000).) The pretrial order specifically prohibits Defendant from revealing the true identities of the plaintiffs to anyone other than attorneys litigating this case on his behalf. According to the pretrial order, "[b]ecause Plaintiffs' physical safety is at stake, this Court shall, within its discretion, impose the maximum sanction permitted by

law for any violation of this Order." See Docket #14, page 2, line 8.  Subsequently, on June 28, 2013, jurisdiction and venue of this matter was transferred to Arizona District Court.

On or about January 1, 2014, Defendant did in fact reveal the true name of Plaintiff John Doe #4 on a website named "SORArchives.com" in violation of the pretrial court order.  Defendant also published additional information regarding Plaintiff John Doe #4, including a complaint filed by Plaintiff John Doe #4 with a state Office of the Attorney General.  As of today, the true name and additional personal information regarding John Doe #4 is still publicly listed on the SORArchives website.

On or about January 2, 2014, Plaintiff's attorney discovered that Plaintiff John Doe #4's true name and other personal information as well as information regarding his complaint to an Attorney General had been posted on a public website, that is, SORArchives.com.  On January 10, 2014, Plaintiff's attorney notified Defendant via E-mail that she had discovered the information described in this paragraph and above and requested that he immediately remove information regarding John Doe #4 from that website.  See Exhibit C.  Specifically, plaintiff's attorney requested the immediate removal from the SORArchives website all information regarding John Doe #4, including his participation in a lawsuit in which you are a named defendant, his true name, his home address, photo of his home, map to his home as well as all information related to a complaint filed by John Doe #4 with the Office of the Attorney General.  Plaintiff's attorney reminded Defendant that the identity of John Doe #4 is protected by a court order and that information regarding John Doe #4's complaint to the Office of the Attorney General is confidential.  Further, Plaintiff's attorney notified Defendant that publication of this information on SORarchives, a public website, could subject Defendant to both civil and criminal penalties.

On or about January 10, 2014, Defendant refused via an E-mail reply to remove information regarding Plaintiff John Doe #4 from the SORarchives website.  In his E-mail, Defendant also

threatened to file a Motion for Sanctions if John Doe #4 continued to insist that Defendant remove the requested information from that website. See Exhibit D.

## III. ARGUMENT

### A. This Court Has Inherent Authority to Enforce Its Pretrial Order

This Court has the inherent authority to enforce compliance with its orders through a civil contempt proceeding. *International Union, UMWA v. Bagwell*, 512 U.S. 821, 827-28, 114 S. Ct. 2552, 129 L.Ed.2d 642 (1994). Federal Rule of Civil Procedure 16(f) further authorizes the Court to order sanctions as follows:

> 1. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
> (A) fails to appear at a scheduling or other pretrial conference;
> (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or
> **(C) fails to obey a scheduling or other pretrial order.**

Fed. R. Civ. P. 16 (emphasis added).

Rule 37(b)(2) allows for sanctions in the district where the action is pending as follows:

> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> **(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.**

Fed. R. Civ. P. 37 (emphasis added).

"Rule 16 is a central pretrial rule that authorizes the Court to manage cases 'so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated.'" (*Herb Reed Enterprises, Inc. v. Monroe Powell's Platters, LLC*, 2:11-CV-02010-PMP, 2013 WL 3729720 (D. Nev. July 11, 2013) report and recommendation adopted, 2:11-CV-02010-PMP, 2013 WL 5278518 (D. Nev. Sept. 17, 2013) (*quoting In re Phenylpropanolamine Prods. Liability Litig.*, 460 F.3d 1217, 1227 (9th Cir.2006).). "Subsection (f) puts teeth into these objectives by permitting the judge to make such orders as are just for a party's failure to obey a scheduling or pretrial order." *Id.*

Rule 16(f) expressly states that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney ... fails to obey a scheduling order or other pretrial order." Rule 16(f)(1)(C) (emphasis added). In the instant case, Defendant has failed to obey a pretrial order of this Court[5] by causing to be published on a public website the surnames of all plaintiffs.

The Court may issue a contempt order if Defendant "(1)...violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). A district court has "wide latitude in determining whether there has been a contemptuous de[fianc]e of its order." *Stone v. City and County of San Francisco*, 968 F. 2d 850, 857 (9th Cir. 1992) (internal quotation marks omitted).

Plaintiff John Doe #4 hereby shows by clear and convincing evidence that his true identity and other personal information regarding him, including the filing of a confidential complaint with a state Office of Attorney General, has been and continues to be published on the public website

---

[5] The Court granted Plaintiffs' request for Leave to Proceed Under a Pseudonym and Ordering All information Identifying Plaintiffs' True Identities Be Filed Under Seal on April 2, 2013, which can be found at Docket #14.

SORArchives. Therefore, Defendant has violated "a specific and definite order of the court." *Stone v. City and County of San Francisco*, 968 F. 2d at 856, n. 9, and by doing so willfully disobeyed a pretrial order of this Court which expressly mandates "[a]ny person or entity who comes to learn of Plaintiff's true identity…not to reveal Plaintiff's true identity (or distinguishing characteristics) by any means to any other person or entity not authorized by this Court to receive such information." See Docket #14, at p. 2, line 6.

The language of the Court's pretrial order is specific and definite as is Defendant's violation of its terms. Defendant cannot demonstrate that he "took every reasonable step to comply" with the term of the pretrial order. *Stone* at 856. Defendant's public defiance of the Court's order justifies that this Court use its inherent authority to punish Defendant by imposing the maximum sanctions permitted by law.

### B. Defendant Has Not Taken All Reasonable Steps To Comply

A party's disobedience with a specific and definite court order by failing to take all reasonable steps to comply with that order is a form of civil contempt. *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). The contempt "need not be willful," and there is no good faith exception to the requirement of obedience to a court order. *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1363 (9th Cir.1987).

The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by "clear and convincing evidence," not merely a preponderance of the evidence. *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir.1982). Defendant must perform "all reasonable steps within [his] power to insure compliance" with the court's orders. *Stone v. City and County of San Francisco*, 968 F.2d at 856; *Sekaquaptewa v. MacDonald*, 544 F.2d

396, 404 (9th Cir. 1976), *cert. denied*, 430 U.S. 931, 97 S.Ct. 1550, 52 L.Ed.2d 774 (1977); *see also General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986).

In this case, the language of the Court's order is explicit and expressed: "It is **ORDERED** that Defendant(s) may review the sealed documents and may reveal the Plaintiffs' true identities (or any information or distinguishing characteristics which could reveal Plaintiffs' true identities) <u>*only* to attorneys litigating this case on their behalf</u>." See Docket #14, page 2, line 4 (emphasis added). Defendant has failed to take reasonable steps within his power to prevent Plaintiff John Doe #4's true identity from being revealed to any other person or entity. To the contrary, Defendant has gone out of his way to deliberately and maliciously publicize the true name and other personal information regarding Plaintiff John Doe #4 in blatant disregard of the Court's order. Defendant's actions have placed in significant peril the physical safety of John Doe #4 and his wife, Jane Doe #9, with whom he resides as well as the business of John Doe #4. In addition, the posting by Defendant on the SORArchives includes false information regarding John Doe #4, including but not limited to, "misrepresentation and blatant lies" and reveals Defendant's retaliation and vindictiveness toward John Doe #4:

> "Every Now and Then We Receive a FRIVOLOUS Attorney General Complaint Such As This One Filed By (John Doe #4)[6]….It is impossible to respond to this complaint without first expressing the degrees of hypocrisy that is being engaged by (John Doe #4)…The complaint itself is the continued systematic harassment and personal attacks based on misrepresentation and blatant lies that have been perpetrated by (John Doe #4)…as a form of bully intimidation tactics directed toward SORArchive.com (SOR)."

(See Exhibit A, page 1)

---

[6] The true name of Plaintiff John Doe #4 was and is stated on the SORarchives website, however, in accordance with the court order's, his pseudonym is used in this motion.

8
**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS**

### C. This Court Has Authority to Impose Attorney's Fees and Costs

This Court retains inherent authority to use its discretion to fashion an appropriate sanction for conduct which abuses the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45, 111 S. Ct. 2123, 2133, 115 L. Ed. 2d 27 (1991). "[A] court may assess attorney's fees as a sanction for the 'willful disobedience of a court order.'" *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258, 95 S. Ct. 1612 (*quoting Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718, 87 S.Ct. 1404, 1407, 18 L.Ed.2d 475 (1967)). Thus, a court's discretion to determine "[t]he degree of punishment for contempt" permits the court to impose as part of the fine attorney's fees representing the entire cost of the litigation. *Toledo Scale Co. v. Computing Scale Co.*, 261 U.S. 399, 428, 43 S.Ct. 458, 466, 67 L.Ed. 719 (1923). Federal Rule of Civil Procedure 16(f)(2) further mandates that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Defendant cannot demonstrate his noncompliance was "substantially justified," nor can he demonstrate any other circumstance that makes an award of expenses unjust. It is the vindictive nature of Defendant's public comment on the SORArchives website, which precludes any possible justification and validates an award to Plaintiff. The Court's inherent authority to impose reasonable attorney's fees and costs in this matter is, in this motion, without question.

## IV. CONCLUSION

For all the foregoing reasons, Plaintiff John Doe #4 respectfully requests that this Court impose maximum sanctions upon Defendant for his flagrant failure to obey a pretrial order pursuant to Federal Rule of Civil Procedure 16(f).

Dated: January 16, 2014            LAW OFFICE OF JANICE M. BELLUCCI

By: /s/ Janice M. Bellucci

Janice M. Bellucci
Attorney for Plaintiffs
John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #5, John Doe #6, John Doe #8, Jane Doe #9, Jane Doe #10

# Exhibit A

(filed under seal)

# Exhibit B

(filed under seal)

# Exhibit C



**From:** Janice Bellucci <jmbellucci@aol.com>
**To:** chuckrodrick <chuckrodrick@gmail.com>
**Subject:** Demand for Removal
**Date:** Fri, Jan 10, 2014 9:05 am

Mr. Rodrick - The purpose of this communication is to demand the immediate removal from the SORArchives website all information regarding Jeremy Ryan Graves, including his participation in a lawsuit in which you are a named defendant, his true name, his home address, photo of his home, map to his home as well as all information related to a complaint filed by Mr. Graves with the Arizona Office of the Attorney General. Information regarding Mr. Graves' identity is protected by a court order and information regarding his complaint to the Office of the Attorney General is confidential. Your publication of this information on a public website could subject you to both civil and criminal penalties. Any further publication of this information will constitute additional violations and therefore subject you to additional civil and criminal penalties. Please notify me when you have removed the information described above from the SORArchives website. Thank you. Ms. Bellucci

**Law Offices of
Janice M. Bellucci**
235 E. Clark Avenue, Suite C
Santa Maria, CA   93455
(805) 896-7854

This e-mail (including all attachments) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that reading, disseminating, distributing or copying this e-mail, or any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please notify Janice M. Bellucci by telephone at (805) 896-7854 and permanently delete this e-mail from your computer and delete all print or electronic copies of this e-mail.

# Exhibit D

**From:** Chuck Rodrick <chuckrodrick@gmail.com>
**To:** Janice Bellucci <jmbellucci@aol.com>
**Subject:** Re: Demand for Removal
**Date:** Fri, Jan 10, 2014 6:00 pm

Ms. Bellucci,

Please stop this harassment. You need to take this mater up directly with the SORArchives website - NOT ME! This is my last good faith effort for you to cease and desist this ludicrous tactic or I will file a Motion for Sanctions with the Court under Rule 11(b) of FRCP.

Charles Rodrick