Janice M. Bellucci, Esq., SBN 108911
LAW OFFICE OF JANICE M. BELLUCCI
235 East Clark Avenue, Suite C
Santa Maria, California 93455
Tel: (805) 896-7854
Fax: (805) 928-8736
JMBellucci@aol.com

Attorneys for Plaintiffs John Doe#1, John Doe #2, John Doe #3, John Doe # 4, John Doe # 5, John Doe # 6, John Doe #7, John Doe # 8, Jane Doe #9, Jane Doe #10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| JOHN DOE #1, an individual; JOHN DOE # 2 an individual; JOHN DOE #3, an individual; JOHN DOE #4, an individual; JOHN DOE #5, an individual; JOHN DOE #6, an individual; JOHN DOE #8, an individual; JANE DOE #9, an individual; and JANE DOE #10, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>BRENT OESTERBLAD, an individual; DAVID OESTERBLAD, an individual; SARAH SHEA, an individual; CHUCK RODRICK II, an individual; TRACI HEISIG, an individual; KEVIN MILLER, an individual; MELBROUNE IT DBS, a corporation; DNS MADE EASY/TIGGEE, LLC, a corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV13-01300-PHX-SRB<br><br>**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' SECOND MOTION FOR SANCTIONS**<br><br>**HONORABLE SUSAN R. BOLTON** |

# I. INTRODUCTION

Plaintiffs hereby reply to Defendant's Response to Plaintiffs' Second Motion for Sanctions[1] ("Motion") and respectfully request that the Motion be granted. This reply incorporates by reference all facts and legal arguments made in that Motion.

Contrary to the misleading statements of Defendant Charles Rodrick ("Defendant")[2], Defendant is the sole owner and operator of the Online Detective, Offendex and SORarchives websites. This fact was first established in the declaration of Lois Fynn[3] and is supported by the declaration of Brent Oesterblad[4].

Defendant Rodrick is also the sole Administrator for the Online Detective, Offendex, and SORarchives websites. In the capacity of Administrator, Defendant is the only person capable of adding or removing information from those websites[5].

Defendant posted information on the SORarchives website about the true identity of Plaintiff John Doe #4 including plaintiff's name, photo, home address and complaint filed with the Office of the Attorney General. Defendant posted this information because he was angry that Plaintiff John Doe #4 filed a complaint against the Offendex.com website, which he owns, with the Office of the Attorney General[6].

Defendant's posting of information regarding the true identity of Plaintiff John Doe #4 on the SORarchives.com website constitutes a blatant violation of the Court's order dated April 2, 2013, which granted Plaintiffs' request to proceed under pseudonym and ordered that all

---

[1] See Docket #113 dated January 16, 2014.

[2] Defendant previously denied ownership of the websites in his declarations dated April 30, 2013 and June 11, 2013. See Docket #24, Notice of Motion and Motion to Dismiss, Exhibit A, page 2, paragraph 18 and Docket #86, Response to Plaintiffs' Motion for Sanctions, Exhibit A, page 3, paragraph 11, respectively. Defendant repeated denial of ownership in Defendant's Response on page 2.

[3] See Declaration of Lois Flynn, page 4, paragraph 17. (Docket #41).

[4] See Declaration of Brent Oesterblad, page 3, paragraph 15. (Exhibit A).

[5] See Declaration of Brent Oesterblad, page 6, paragraph 34. (Exhibit A).

[6] See Declaration of Brent Oesterblad, page 7, paragraph 35. (Exhibit A).

information identifying Plaintiffs' true identities be filed under seal. Because Defendant has blatantly violated the Court's order, Plaintiffs request that the Court impose maximum sanctions upon Defendant, including sanctions in the amount of $10,000 as well as imposition of reasonable attorney's fees and costs pursuant to the Court's inherent authority and Federal Rule of Civil Procedure 16(f)(2).

## II. FACTS

In his Response to Motion for Sanctions, Defendant continues to mislead this Court with assertions that he was "an independent contractor employed by the company that owned and/or owns SORarchives.com." Defendant offers, as proof of his assertions, an E-mail from Sarah Shea dated February 6, 2012[7], and a copy of a check in the amount of $25,000 dated October 29, 2012[8]. The E-mail at issue lacks any reference to Defendant acting as an independent contractor to the SORarchives.com website. Instead, that E-mail includes a generic discussion regarding the creation of an unnamed website and addresses issues such WordPress sites, message boards, and google maps. The check at issue was written more than eight months after the E-mail was sent and makes no reference to the earlier E-mail or to payment as an independent contractor.

Defendant also attempts to mislead this Court by asserting that John Doe #4 "made his own name public when he filed his complaint with the Attorney General's Office." In a faulty attempt to support this assertion, Defendant cites language from that office regarding complaints involving "an employer"[9]. Defendant did not and cannot provide evidence that he or the SORarchives.com website was an employer of John Doe #4.

---

[7] See Defendant's Response, Exhibit A dated February 16, 2012.

[8] See Defendant's Response, Exhibit B dated October 29, 2012.

[9] See Defendant's Response, pages 2 and 3.

Defendant further attempts to mislead this Court by asserting that John Doe #4 "made his own name public when he "put in (sic) name in the public light on other such websites as Ripoffreport.com" and "published an apology to SORarchives.com on Ripoffreport.com (Exhibit D)." In order to fully comply with the court's order dated April 2, 2013, Plaintiffs provide no comment upon whether the author listed on the excerpt from the Ripoffreport.com website is or is not John Doe #4. Plaintiffs note, however, that the author of the excerpt is not identified in any way with this case or with any other case.

Defendant falsely asserts that "(t) here is no proof that the Defendant had anything to do with the posting of any information regarding John #4 (sic) or any of the other Plaintiffs…."[10] Defendant also asserts that the information which revealed the true identity of John Doe #4 was written not by him, but by another person[11].

Defendant's assertion that he is not liable for the information posted on the SORarchives website regarding John Doe #4 because he did not write that information is another attempt by Defendant to mislead the Court. The author of the information regarding John Doe #4 is not at issue in Plaintiffs' Second Motion for Sanctions motion, but instead it is the publisher of that information that is at issue. Plaintiffs not only assert, but offer proof, that Defendant is the publisher of the information that reveals the true identify of John Doe #4 in that Defendant is the only person capable of adding information to the SORarchives website.[12]

Defendant also attempts to deflect responsibility for revealing additional information regarding Plaintiff John Doe #4, including his home address, photo of home, and map to home, because the primary source of that information is another website, Mugshots.com. Defendant

---

[10] Defendant's Response, page 7, line 27, and page 8, line 1.
[11] Defendant's Response, page 2, lines 17 and 18.
[12] Declaration of Brent Oesterblad, page 6, paragraph 34. (Exhibit A).

neglects to mention, however, that the information posted on the SORarchives website contains an active link to the Mugshots.com website[13].

As stated above, Defendant continues to mislead the court regarding his ownership of the Online Detective, Offendex and SORarchives websites. In the past, he has declared under penalty of perjury that he is not the owner of any of the websites at issue. Specifically, Defendant declared on April 30, 2013, "I do not have ownership in any of the companies that own the Websites; therefore, I do not have control over the Websites as an owner."[14] Defendant subsequently declared on June 11, 2013, that "I do not have, and have never had, an ownership interest in any company that owned or owns the Websites"[15].

Defendant's declarations are contradicted by the declarations of his former wife Lois Flynn and his former business partner Brent Oesterblad. Defendant and Ms. Flynn were married on October 16, 1993, and were still married at the time of her declaration on May 28, 2013[16].

Defendant and Oesterblad have known each other for about 20 years and during that time they worked together in several business ventures, including the Online Detective, Offendex, and SORarchives websites[17]. Oesterblad, not Defendant, was an independent contractor of the Offendex and SORarchives websites. In that capacity, Oesterblad handled all direct communications with registered sex offenders who contacted the websites[18]. Oesterblad was paid a commission only that was based upon revenues generated from registered sex offenders who requested that their personal

---

[13] See Sealed Exhibit A. (Docket #119).

[14] Declaration of Defendant, page 2, paragraph 18. (Docket #24, Exhibit A).

[15] Declaration of Defendant, page 3, paragraph 11. (Docket #86, Exhibit A).

[16] Declaration of Lois Flynn, page 2, paragraph 2. (Docket #41).

[17] Declaration of Brent Oesterblad, page 1, paragraph 2. (Exhibit A).

[18] Declaration of Brent Oesterblad, page 4, paragraph 20 and page 5, paragraph 23. (Exhibit A).

information be removed from the websites[19]. Oesterblad also performed research and writing projects assigned by Defendant[20]. Oesterblad prepared invoices for the tasks he performed which he sent to Defendant. Defendant paid Oesterblad via electronic transfers of funds from the JP Chase Morgan bank account of Civic Sentry.[21]

In his response, Defendant attempts to disparage and discredit the declaration of Ms. Flynn because they were "embroiled in a bitter divorce" and "estranged at the time Ms. Flynn gave her declaration.[22]" Defendant does not provide any evidence to support those assertions and he does not dispute that he and Ms. Flynn were married for 20 years during which she gained knowledge of the businesses he owned and operated.

Defendant also attempts to undermine Ms. Flynn's declaration by offering as evidence the fact that Brent Oesterblad is the only listed member of the Arizona company Civic Sentry and the trade name WebExpress Ventures[23]. Defendant further attempts to undermine Ms. Flynn's declaration by asserting that Civic Sentry dba WebExpress Ventures operates the SORachives.com website.

Plaintiffs acknowledge that Oesterblad is the only listed member of the company Civic Sentry, however, Plaintiffs assert that Defendant is the true owner of that company. Plaintiffs offer as evidence of its assertions the declaration of Brent Oesterblad who states that Defendant is the owner and operator of the websites at issue[24] as well as the owner of the domain names for those

---

[19] Declaration of Brent Oesterblad, page 4, paragraph 20 and page 5, paragraph 23. (Exhibit A).

[20] Declaration of Brent Oesterblad, page 5, paragraph 24. (Exhibit A).

[21] Declaration of Brent Oesterblad, page 5, paragraph 24. (Exhibit A).

[22] Defendant's Response, page 5, lines 13 and 14.

[23] Defendant's Response, page 2, lines 2 through 6.

[24] Declaration of Brent Oesterblad, page 3, paragraph 15. (Exhibit A).

websites[25], the recipient of all revenues from those websites[26] and the only person capable of adding or removing information from those websites[27].

Defendant attempts to mislead the court regarding his ownership of the websites in a statement in his Response that Oesterblad opened a bank account for the Civic Sentry company and signed checks for that account[28]. Plaintiffs assert that Oesterblad took those actions, albeit at Defendant's request, but that all revenues from the websites deposited in that account were under the control of and used for the benefit of Defendant[29]. Plaintiffs offer as evidence of its assertions records from the JP Morgan Chase bank account of the Civic Sentry company which include a series of electronic payments to Defendant, including but not limited to, the sums of $2,500 on July 11, 2013[30]; $7,500 on July 30, 2013[31]; $6,000 on September 17, 2013[32]; and $4,000 on November 26, 2013[33]. Defendant also paid personal expenses from the bank account including, but not limited to, Walgreens in the amount of $118.00, World Market in the amount of $218.55, Albertsons in the amount of $90.85 and the Fairmont Hotel in the amount of $1,435.62[34].

Oesterblad has also declared under penalty of perjury that he has personal knowledge that Defendant has intentionally misrepresented facts regarding his ownership of the websites to his

---

[25] Declaration of Brent Oesterblad, page 6, paragraph 31. (Exhibit A).
[26] Declaration of Brent Oesterblad, page 4, paragraphs 16 and 17. (Exhibit A).
[27] Declaration of Brent Oesterblad, page 6, paragraph 34. (Exhibit A).
[28] Defendant's Response, page 2, lines 2 through 6.
[29] Declaration of Brent Oesterblad, page 3, paragraph 11. (Exhibit A).
[30] JP Morgan Chase bank statement dated June 29 through July 31, 2013, page 3. (Declaration of Bren Oesterblad, Exhibit A).
[31] JP Morgan Chase bank statement dated June 29 through July 31, 2013, page 4. (Declaration of Bren Oesterblad, Exhibit A).
[32] JP Morgan Chase bank statement dated August 31, through September 30, 2013, page 4. (Declaration of Bren Oesterblad, Exhibit B).
[33] JP Morgan Chase bank statement dated November 1 through November 30, 2013, page 3. (Declaration of Bren Oesterblad, Exhibit C).
[34] JP Morgan Chase bank statement dated August 31 through September 30, 2013, page 4. (Declaration of Bren Oesterblad, Exhibit B).

former wife Lois Flynn, to the Maricopa County Superior Court[35] and to U.S. District Courts in California and Arizona[36]. The reason for Defendant's misrepresentations regarding ownership of the websites was to hide income and other assets from his estranged wife[37]. Defendant revealed his misrepresentations regarding ownership of the websites in a meeting with his attorney of record, Daniel Warner, in late March or early April 2013, shortly after this case was filed. Oesterblad attended that meeting, but was not represented by attorney Warner during that meeting or at any other time.[38]

Defendant's assertions regarding information posted by individuals other than John Doe #4 on the Offendextortion.com website is a further attempt to mislead the Court through obfuscation[39]. The information to which Defendant refers does not reveal the true identity of Plaintiff John Doe #4 and Plaintiffs' Second Motion for Sanctions does not encompass any other plaintiff in this case.

## III. ARGUMENT

### A. This Court Has Inherent Authority to Enforce Its Pretrial Order

This Court has the inherent authority to enforce compliance with its orders through a civil contempt proceeding. *International Union, UMWA v. Bagwell*, 512 U.S. 821, 827-28, 114 S. Ct. 2552, 129 L.Ed.2d 642 (1994). Fed. R. Civ. P. 16 is a pretrial rule that authorizes the Court to manage cases 'so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated.'" (*Herb Reed Enterprises, Inc. v. Monroe Powell's Platters, LLC*, 2:11-CV-02010-PMP, 2013 WL 3729720 (D. Nev. July 11, 2013) report and recommendation adopted, 2:11-CV-02010-PMP, 2013 WL 5278518 (D. Nev. Sept. 17,

---

[35] The Maricopa County Superior Court has jurisdiction over the divorce of Defendant and Lois Flynn.

[36] Declaration of Brent Oesterblad, page 6, paragraph 32. (Exhibit A).

[37] Declaration of Brent Oesterblad, page2 and 3, paragraph 10.

[38] Declaration of Brent Oesterblad, page 6, paragraph 33. (Exhibit A).

[39] Defendant's Response, page 6 lines 21 through 27 and page 7, lines 1 through10.

2013) (*quoting In re Phenylpropanolamine Prods. Liability Litig.*, 460 F.3d 1217, 1227 (9th Cir.2006).). "Subsection (f) puts teeth into these objectives by permitting the judge to make such orders as are just for a party's failure to obey a scheduling or pretrial order." *Id.*

Rule 16(f) expressly states that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney ... fails to obey a scheduling order or other pretrial order." Rule 16(f)(1)(C) (emphasis added). In the instant case, Defendant has failed to obey a pretrial order of this Court[40] by causing to be published on a public website the true identification of John Doe #4.

Plaintiff John Doe #4 has shown by clear and convincing evidence that his true identity and other personal information regarding him, including the filing of a confidential complaint with a state Office of Attorney General, has been and continues to be published on the SORarchives website. Plaintiff John Doe #4 has also shown by clear and convincing evidence that Defendant is responsible for posting that information on the SORarchives website. Therefore, Defendant has violated and continues to violate "a specific and definite order of the court." *Stone v. City and County of San Francisco*, 968 F. 2d at 856, n. 9. The language of the Court's pretrial order is specific and definite as is Defendant's violation of its terms. Defendant cannot demonstrate that he "took every reasonable step to comply" with the term of the pretrial order. *Stone* at 856. Defendant's continued defiance of the Court's order justifies that this Court use its inherent authority to punish Defendant by imposing the maximum sanctions permitted by law.

---

[40] The Court granted Plaintiffs' request for Leave to Proceed Under a Pseudonym and Ordering All information Identifying Plaintiffs' True Identities Be Filed Under Seal on April 2, 2013, which can be found at Docket #14.

**B. Defendant Has Not Taken All Reasonable Steps To Comply**

A party's disobedience with a specific and definite court order by failing to take all reasonable steps to comply with that order is a form of civil contempt. *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). The contempt "need not be willful," and there is no good faith exception to the requirement of obedience to a court order. *In re Crystal Palace Gambling Hall, Inc.,* 817 F.2d 1361, 1363 (9th Cir.1987). Defendant must perform "all reasonable steps within [his] power to insure compliance" with the court's orders. *Stone v. City and County of San Francisco*, 968 F.2d at 856; *Sekaquaptewa v. MacDonald*, 544 F.2d 396, 404 (9th Cir. 1976), *cert. denied*, 430 U.S. 931, 97 S.Ct. 1550, 52 L.Ed.2d 774 (1977); *see also General Signal Corp. v. Donallco, Inc.,* 787 F.2d 1376, 1379 (9th Cir. 1986).

Defendant has failed to take reasonable steps within his power to prevent Plaintiff John Doe #4's true identity from being revealed to any other person or entity. To the contrary, Defendant has gone out of his way to deliberately and maliciously publicize the true name and other personal information regarding Plaintiff John Doe #4 in blatant disregard of the Court's order. Defendant's actions have placed and continue to place in significant peril the physical safety of John Doe #4 and his wife, Jane Doe #9, with whom he resides as well as the business of John Doe #4.

**C. This Court Has Authority to Impose Attorney's Fees and Costs**

This Court retains inherent authority to use its discretion to fashion an appropriate sanction for conduct which abuses the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45, 111 S. Ct. 2123, 2133, 115 L. Ed. 2d 27 (1991). "[A] court may assess attorney's fees as a sanction for the 'willful disobedience of a court order.'" *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 258, 95 S. Ct. 1612 (*quoting Fleischmann Distilling Corp. v. Maier Brewing Co.,* 386 U.S. 714, 718, 87 S.Ct. 1404, 1407, 18 L.Ed.2d 475 (1967)). Thus, a court's discretion to determine

"[t]he degree of punishment for contempt" permits the court to impose as part of the fine attorney's fees representing the entire cost of the litigation. *Toledo Scale Co. v. Computing Scale Co.,* 261 U.S. 399, 428, 43 S.Ct. 458, 466, 67 L.Ed. 719 (1923). Federal Rule of Civil Procedure 16(f)(2) further mandates that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2)(emphasis added).

Defendant cannot demonstrate his noncompliance was "substantially justified," nor can he demonstrate any other circumstance that makes an award of expenses unjust. It is the vindictive nature of Defendant's publication of the true identity of John Doe #4 on the SORArchives website, which precludes any possible justification and validates an award to Plaintiff. The Court's inherent authority to impose attorney's fees and costs in this matter is, in this motion, without question.

## IV. CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that this Court impose maximum sanctions upon Defendant for his flagrant failure to obey a pretrial order pursuant to Federal Rule of Civil Procedure 16(f).

Dated: February 10, 2014

LAW OFFICE OF JANICE M. BELLUCCI

By: [signature]

Janice M. Bellucci
Attorney for Plaintiffs
John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #5, John Doe #6, John Doe #7, John Doe #8, Jane Doe #9, Jane Doe #10

AFFIDAVIT OF SERVICE BY MAIL
STATE OF CALIFORNIA

I am a citizen of the United States, am over the age of 18 years, and am not a party to the above-entitled proceeding. I am a resident of the County of San Luis Obispo, State of California. My address is 271 Janet Avenue, Grover Beach, CA 93433.

On the 10th day February, 2014, I served the within **Plaintiffs' Reply to Defendant's Response to Second Motion for Sanctions** by placing a copy in a sealed envelope and mailing it first class, postage prepaid, to each person as listed below.

Charles Rodrick
34522 N Scottsdale Rd #120-467
Scottsdale AZ 85266

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

DATED: February 10, 2014

Mamie Page