1

2

3                          **NOT FOR PUBLICATION**

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                    **FOR THE DISTRICT OF ARIZONA**

8

9   John Doe, et al.,                    No. CV-13-01300-PHX-SRB

10              Plaintiffs,              **ORDER**

11  v.

12  Brent Oesterblad, et al.,

13              Defendants.

14          At issue are Plaintiff's Notice of Motion and Motion for Sanctions; Memorandum

15  of Points and Authorities in Support Thereof (1) Defendant's Failure to Obey a Pretrial

16  Order (Fed. R. Civ. P. 16(f)(1)(C).) (2) Defendant's Civil Contempt of Court (Fed. R.

17  Civ. P. 37(b)(2)(A)(vii).) ("Pl.'s Mot.") (Doc. 113) and Defendant's Motion to Strike

18  Plaintiff's Reply to Motion for Sanctions ("Def.'s Mot.") (Doc. 127).[1]

19  **I.     BACKGROUND**

20          This case involves allegations that Defendant Charles Rodrick and others

21  defrauded Plaintiffs by posting information on websites suggesting that Plaintiffs were

22  sex offenders and then demanding payment from Plaintiffs to have the information

23  removed. (*See* Doc. 15, Am. & Verified Compl. for Relief ("FAC") ¶ 1.) The case was

24  originally filed in the Central District of California, where the court granted Plaintiffs

25  leave to proceed under pseudonyms and stated that

26

27  ────────────────

28      [1]  The Court denies as moot Defendant's Motion for Extension of Time to
[Respond to Plaintiff's Motion] because Defendant filed a response within the time the
Court allotted in its January 29, 2014 Order.

> [a]ny person or entity who comes to learn of Plaintiffs' true identities (or any information or distinguishing characteristics which could reveal Plaintiffs' true identities) by means of, or as a result of, this litigation is hereby **ORDERED** not to reveal Plaintiffs' true identities (or distinguishing characteristics) by any means to any other person or entity not authorized by this Court to receive such information.
>
> Because Plaintiffs' physical safety is at stake, this Court shall, within its discretion, impose the maximum sanction permitted by law for any violation for this Order.

(Doc. 14, Apr. 2, 2013 Order Granting Appl. to Proceed Under a Pseudonym & Ordering All Information Identifying Pls.' True Identities Be Filed Under Seal at 2.) Plaintiff John Doe #4 now moves for an order finding Defendant Charles Rodrick in contempt and sanctioning him $10,000 for "publish[ing] and continu[ing] to publish [John Doe #4's] true name, home address, map to home and photo of home" on the website SORArchives.com that Rodrick allegedly controls. (Pl.'s Mot. at 2 (footnote omitted).) Plaintiff bases his Motion on affidavits from Mr. Rodrick's ex-wife, Lois Flynn, and former business partner (and former Defendant), Brent Oesterblad, as well as bank records for the company that allegedly owns the website. (*See id.*; Doc. 125, Pls.' Reply to Def.'s Resp. to Pls.' Second Mot. for Sanctions, Exs. A-D.) Defendant does not dispute that the information appears on the website or that the information should not have been disclosed, but argues that he was not the person that published the information on the website. (Doc. 124, Def.'s Resp. to Mot. for Sanctions ("Def.'s Resp.") at 1.)

## II.     PLAINTIFF'S MOTION FOR SANCTIONS

Federal Rule of Civil Procedure 16(f)(1)(C) grants courts the authority to "issue any just orders" if a party "fails to obey a scheduling or other pretrial order." The Rule grants courts "'very broad discretion'" to sanction parties when necessary to insure "'that lawyers and parties refrain from contumacious behavior.'" *Martin Family Trust v. Heco/Nostalgia Enters. Co.*, 186 F.R.D. 601, 602-03 (E.D. Cal. 1999) (quoting *In re Sanction of Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984) (en banc)).

The Court will not sanction Defendant at this time because to do so would require the Court to resolve a disputed fact that is central to the entire case, i.e., whether

Defendant controls the website and is therefore responsible for any of the actions that have allegedly violated Plaintiffs' rights. The Court has scheduled a jury trial for March 10, 2015 and discovery will not conclude until August 2014. (Doc. 121, Jan. 27, 2014 Scheduling Order at 3, 7.) Accordingly, the Court will at no time be responsible for resolving disputed facts and it would be improper to determine that the control and ownership of the website is undisputed before the parties have had sufficient time to engage in discovery. Because the Court cannot resolve that fact it cannot conclude that Rodrick violated the Court's Order and sanctions are inappropriate at this time. The Court notes, however, that if Plaintiffs prevail in this case and Rodrick is determined to be responsible for the website, the fact that he published Plaintiff's identifying information after the Court specifically ordered him not to may be relevant to the determination of Plaintiff's damages.

## III.   DEFENDANT'S MOTION TO STRIKE

Defendant moves to strike Plaintiff's Reply brief because it allegedly violates a state court order in a related case by attaching certain bank statements and by attaching a Declaration from Brent Oesterblad that "contains information that was also submitted [in state court]." (Def.'s Mot. at 3; Doc. 125-1, Decl. of Brent Marshall Oesterblad in Supp. of Pls.' Second Mot. for Sanctions, Exs. A-D.)[2] The relevant portion of the state court orders reads as follows:

> All information obtained or exchanged in this case shall be confidential. That includes written discovery responses, documents (whether obtained from a party or by subpoena from a third party), deposition testimony, and information learned from any source relevant to the case. Information shall not be disclosed to anyone other than counsel in this case, the parties, and

_____

[2] He also argues that the Court should strike the Reply because Plaintiff did not properly serve Defendant the original Motion. (Def.'s Mot. at 10.) The Court rejects this argument because Defendant was still able to respond to Plaintiff's Motion even if he was not served properly and therefore suffered no prejudice that would justify sanctioning Plaintiff. Defendant also makes arguments that are best interpreted as an improper sur-reply to Plaintiff's Reply, which the Court has not considered. (*See* Def.'s Mot. at 9.)

To the extent that Defendant is also arguing that Mr. Oesterblad's Declaration contains inadmissible hearsay and is factually incorrect, the Court denies his Motion because even assuming that Defendant is correct, striking the document is not the proper way to address that circumstance. (*See* Def.'s Mot. at 4-7.)

1
2

expert witnesses (if any). Under no circumstances shall any information obtained or exchanged or relating to this case be duplicated, published on a website or disseminated electronically or otherwise.

3
4

(Def.'s Mot., Ex. A, May 10, 2013 Minute Entry in Maricopa County Superior Court case CV 2013-003800.)

5
6
7
8
9
10
11
12
13

The Court denies Defendant's Motion because he has not shown that Plaintiffs violated the state court order. Mr. Oesterblad's Declaration contains his personal knowledge and therefore was not "obtained or exchanged" solely because of the state court case. (*See* Decl. of Brent Marshall Oesterblad.) The Court rejects Defendant's argument concerning the bank records because Defendant does not explain why he believes that Plaintiff obtained the bank records through the state court proceeding and the Court will not sanction a party based on the opposing party's bald assertions. Finally, it Plaintiff has violated a state court order, the appropriate place to seek sanctions for that violation is in the state court that issued the order.

14
15
16
17

**IT IS ORDERED** denying Plaintiff's Notice of Motion and Motion for Sanctions; Memorandum of Points and Authorities in Support Thereof (1) Defendant's Failure to Obey a Pretrial Order (Fed. R. Civ. P. 16(f)(1)(C).) (2) Defendant's Civil Contempt of Court (Fed. R. Civ. P. 37(b)(2)(A)(vii).) (Doc. 113).

18
19

**IT IS FURTHER ORDERED** denying as moot Defendant's Motion for Extension of Time to Answer (First Request) (Doc. 123).

20
21
22

**IT IS FURTHER ORDERED** denying Defendant's Motion to Strike Plaintiff's Reply to Motion for Sanctions (Doc. 127).

23
24

Dated this 28th day of February, 2014.

25
26
27
28

Susan R. Bolton
United States District Judge

- 4 -