1  Charles Rodrick, *pro per*
2  34522 North Scottsdale Road, #120-467
   Scottsdale, AZ 85266
3  480-250-3838
4  chuckrodrick@gmail.com



IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF ARIZONA

John Doe, et al.,
              Plaintiffs,

vs.

Oesterblad, et al.,
              Defendants.

No. CV-13-01300-PHX-SRB

**DEFENDANT'S MOTION FOR SANCTIONS AND MEMORANDUM AND POINTS OF AUTHORITIES**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

YOU ARE HEREBY NOTIFIED THAT Defendant Chuck Rodrick hereby moves the Court for an Order imposing maximum sanctions against Plaintiffs John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #5, John Doe #6, John Doe #7, John Doe #8, John Doe #9, John Doe #10, Attorney Janice Bellucci and the Law Office of Janice M. Bellucci in accordance of Rule 16(f) of the Federal Rules of Civil Procedure for violating a pretrial Order mandating that Plaintiffs satisfy the requirements of Fed.R.Civ.P. 26(a), by filing with the Clerk of the Court a Notice of Initial Disclosure, rather than copies of the actual disclosures no later than February 17, 2014. [Dkt. 121].

# MEMORANDUM AND POINTS OF AUTHORITIES

## I. INTRODUCTION

On January 21, 2104, this Court issued an Order directing "All Initial Disclosures as defined in Fed.R.Civ.P. 26(a), if not already disclosed prior to the Scheduling Conference, shall be made no later than fourteen (14) days after the date of entry of this Order, or in the alternative, no later than February 17, 2014." As of the date of this filing, Plaintiffs have failed to file the required Notice of Initial Disclosures with the Clerk of this Court. In addition, the Plaintiffs have failed to supply the Defendant with the required Initial Disclosures and should therefore be held accountable.

## II. PLAINTIFFS VIOLATED THE COURT'S JANUARY 21, 2014, PRETRIAL ORDER

Rule 16(f)(1)(C) of the Federal Rules of Civil Procedure states:

"(f) Sanctions.

(1) *In General.* On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney:

(C) fails to obey a scheduling or other pretrial order."

On January 21, 2014, this Court issued a Rule 16 Order (Dkt. 121). The Order was very specific and dictated:

"Pursuant to the terms of the Case Management Plan and the representations made by the parties at the Rule 16 Scheduling Conference, all parties shall comply with the deadlines established in this Order.

2

A. The Fed.R.Civ.P. as amended December 1, 2013, shall apply to all proceedings concerning this case.

B. All Initial Disclosures as defined in Fed.R.Civ.P. 26(a), if not already disclosed prior to the Scheduling Conference, shall be made no later than fourteen (14) days after the date of entry of this Order, or in the alternative, no later than February 17, 2014.

C. To satisfy the requirements of Fed.R.Civ.P. 26(a), the parties shall file with the Clerk of the Court a Notice of Initial Disclosure, rather than copies of the actual disclosures."

Plaintiffs had until up until February 17, 2014, to comply with deadline dictated in the Rule 16 Order, but Plaintiffs failed to make any effort whatsoever to comply within the specified time frame and therefore willfully violated the January 27, 2104, Order in this respect and are subject sanctions as prescribed in Rule 16(f)(1)(C) of the Federal Rules of Civil Procedure.

### III. LEGAL ARGUMENT

This Court has the inherent authority to enforce compliance with its orders through a civil contempt proceeding. *International Union, UMWA v. Bagwell*, 512 U.S. 821, 827-28, 114 S. Ct. 2552, 129 L.Ed.2d 642 (1991). A party's disobedience with a specific and definite court order by failing to take all reasonable steps to comply with that order is a form of civil contempt. *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). The contempt "need not be willful,"

and there is no good faith exception to the requirement of obedience to a court order. *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1363 (9th Cir.1987).

This Court retains inherent authority to use its discretion to fashion an appropriate sanction for conduct which abuses the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45, 111 S. Ct. 2123, 2133, 115 L. Ed. 21 27 (1991). "[A] court may assess attorney's fees as a sanction for the 'willful disobedience of a court order.'" *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258, 95 S. Ct. 161 (quoting *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718, 87 S.Ct. 1404 1407, 18 L.Ed.2d 475 (1967)). Thus, a court's discretion to determine "[t]he degree of punishment for contempt" permits the court to impose as part of the fine attorney's fees representing the entire cost of the litigation. *Toledo Scale Co. v. Computing Scale Co.*, 261 U.S. 399, 428, 43 S.Ct. 458, 466, 7 L.Ed. 719 (1923). Federal Rule of Civil Procedure 16(f)(2) further mandates that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule unless the noncompliance was substantially justified or other circumstances make an aware of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Plaintiffs and Plaintiffs' counsel cannot justify that the noncompliance was in justified or even in good faith.

**Rule 16(f) of the Federal Rules of Civil Procedure states:**

"(f) SANCTIONS.

4

(1) *In General.* On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney:

(A) fails to appear at a scheduling or other pretrial conference;

(B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or

(C) fails to obey a scheduling or other pretrial order.

(2) *Imposing Fees and Costs.* Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."

Rule 37(b)(2) of the Federal Rules of Civil Procedure states:

"(b) FAILURE TO COMPLY WITH A COURT ORDER.

(2) *Sanctions Sought in the District Where the Action Is Pending.*

(A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

　(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

　(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

　(iii) striking pleadings in whole or in part;

　(iv) staying further proceedings until the order is obeyed;

　(v) dismissing the action or proceeding in whole or in part;

　(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."

"Rule 16 is a central pretrial rule that authorizes the Court to manage cases 'so that disposition is expedited, wasteful pretrial activates are discouraged, the quality of the trial is improved and settlement is facilitated.'" (*Herb Reed Enterprises, Inc. v. Monroe Powell's' Platters, LLC*, 2:11-CV-020110-PMP, 2013 WL 3729720 (D. Nev. Jul11, 2013) report and reconsideration adopted, 2:11-CV-02010-PMP, 2013 WL 5278515 (D. Nev. Sept. 17, 2013) (*quoting In re Phenylpropanolamine Prods. Liability Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006).). "Subsection (f) puts teeth into these objectives by permitting the Judge to make such orders as are just for a party's failure to obey a scheduling or pretrial order." *Id.*

Rule 16(f) expressly states that "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney… fails to obey a scheduling or other pretrial order." In this instant case, Plaintiffs have failed, yet again to abide by a pretrial order of this Court by failing to provide the required Initial Discovery.

The party alleging civil contempt **must** demonstrate that the alleged contemnor violated the Court's Order by "**clear and convincing** evidence," **not** merely a preponderance of the evidence. *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982). (emphasis added). Defendant(s) **must** perform "all reasonable steps within [his] power to insure compliance" with the Court's Orders. *Stone v. City and County of San Francisco*, 968 F.2d at 856; *Sekaquaptewa v.*

*MacDonald,* 544 F.2d 396, 404 (9th Cir 1976), *cert denied,* 430 U.S. 931, 97 S.Ct. 1550, 52 L.Ed.2d 774 (1977); *see also General Signal Corp. v. Donallco, Inc.,* 787 F.2d 1376, 1379 (9th Cir. 1986). (emphasis added).

Here there is clear and convincing evidence of the Plaintiff's willful and blatant disregard for this Court's January 27, 2014, Rule 16 Order and sanctions should be implemented accordingly.

## IV. CONCLUSION

**WHEREFORE**, for the above stated reason, Defendant respectfully requests this Court (1) grant Defendant's Motion for Sanctions in its entirety; (2) admonish Plaintiff's attorney for complying with this Court's January 27, 2104, Order; and (3) the imposition of any other relief that this Court deems just and proper.

In addition, Defendant requests that this Honorable Court will allow for leniency in the filing of this Motion by the Defendant, as the Defendant is not a learned attorney and is not afforded the same legal resources as a learned attorney and does not have access to the same law materials as a learned attorney, nor can he afford to hire a learned attorney. "The court noted that pro se plaintiffs should be afforded "special solicitude"." *Rabin v. Dep't of State*, No. 95-4310, 1997 U.S.Dist. LEXIS 15718 and *Haines v. Keaner*, et al. 404 U.S. 519, 92 s. Ct. 594, 30 L. Ed. 2d 652.

Dated this 11th day of March, 2014.        Respectfully Submitted,

*[signature]*

Chuck Rodrick, *pro se*
34522 North Scottsdale Road, #120-467
Scottsdale, AZ  85266
480-250-3838
chuckrodrick@gmail.com

## CERTIFICATE OF SERVICE

I, Chuck Rodrick, do hereby certify that on this date I caused a copy of the forgoing Motion to be placed in a postage-paid envelope and depositing the same in the United States Postal Service addressed to all Parties or their counsel of record on this 11th day of March, 2014.

*[signature]*
Chuck Rodrick, Defendant, *pro se*