Chuck Rodrick, *pro se*
34522 North Scottsdale Road, #120-467
Scottsdale, AZ 85266
480-250-3838
chuckrodrick@gmail.com



IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF ARIZONA

| | |
|---|---|
| John Doe, et al., <br>                 Plaintiffs, <br> vs. <br> Oesterblad, et al., <br>                 Defendants. | No. CV-13-01300-PHX-SRB <br><br> **DEFENDANT'S RESPONSE THIS COURT'S JUNE 30, 2014 ORDER** |

Defendant Chuck Rodrick hereby submits his Response to this Court's June 30, 2014, Order (Dkt. 175) and in support thereof submits his Memorandum of Points and Authorities.

**MEMORANDUM AND POINTS OF AUTHORITIES**

**I. FACTS**

Defendant Charles Rodrick ("Defendant") was initially represented in this case by attorney Garrick McFadden from the law firm of Kelly/Warner. Subsequent to transfer of this case to the District of Arizona, the court granted the substitution of attorney Daniel Warner of the same law firm as Defendant's legal representative on August 30, 2013.

Attorney Daniel Warner submitted an Emergency Motion to Withdraw as Defendant's legal representative on October 25, 2013. The court granted the Emergency Motion on November 19, 2013.

On March 27, 2014, Plaintiffs filed a Motion to Reveal Ghost Writer of Pro Se Litigant Charles Rodrick; Request for Verification Pursuant to FRCP11; Alternatively for Contempt Sanctions. Plaintiffs allege that Defendant started using a ghostwriter on November 26, 2013, when he filed his Motion to Allow Electronic Filing By A Party Appearing Without an Attorney (Dkt. 89). This Motion was hand written in front of the Clerk of US District Court and was obviously done by the sole pen of the Defendant.

Plaintiffs' March 27, 2014, Motion is confusing at best and Defendant considered it frivolous and nothing more than a form of harassment that did not legally warrant a response and therefore did not respond; not because Defendant agreed with the content, but because he was confused by the content and did not actually know how to respond.

In addition, Defendant believed that Plaintiffs filed their Motion in Bad Faith with the sole intent to deflect the attention from their own shortcomings and place Defendant in the spotlight, as Plaintiffs' attorney, Janice Bellucci, has been receiving considerable advice and help from both Attorney Rick Poster and Joe M. Romley. In fact, the wording in Plaintiff's March 27, 2014, Motion is nearly identical to pleadings filed by Attorney Rick Poster in other litigation involving Defendant.

On one hand Plaintiffs allege that "During the period of time in which Defendant has falsely claimed to be a pro se litigant, he has filed several **frivolous documents that**

**both lack merit and are wasteful of valuable court resources**." (emphasis added). (Dkt. 136, p. 2, lines 15-17). Then, Plaintiffs contradict themselves by stating that "The level of legal knowledge and expertise contained in the documents filed by Defendant subsequent to his declaration that he is a pro se litigant is inconsistent with his lack of formal education." (Dkt. 136, p. 3, lines 19-21). Next, Plaintiffs state that "Once the Court has an opportunity to review Defendant's filed documents, it becomes clear why ghost writing would be the mechanism by which to put forth these illogical arguments. It can be reasoned that no rational-minded lawyer would sign his or her name to these documents and the assertions contained therein. This is because the statements reveal the complete abandonment of the duties owed by a lawyer pursuant to FRCP 11 which protects against contentions that lack any legal or factual basis." (Dkt. 136, p. 8, line 5-10). Then to further complicate this puzzle, the Plaintiffs state that "In order to prevent similar conduct in the future, the Court must hold Defendant's ghost writer in contempt and appropriate sanctions should follow." (Dkt. 136, p. 7, line 8-9). Which is it? Are Defendant's documents poorly and frivolously drafted or expertly and knowledgably drafted? Is Plaintiffs' Motion against the Defendant or the alleged "ghostwriter"? The Plaintiffs' Motion is a conundrum of contradictions and Defendant honestly did not know exactly how to respond, but in no way meant to disrespect this Court or its proceedings; he simply did not know how to respond or if a response by him was appropriate.

Next, the Plaintiffs attack Defendant's educational level "...Defendant did not complete high school and has never attended college or law school." (Dkt. 136, p. 3, lines 21-22). Defendant is obviously highly intelligent and a self-motivator, as is evidenced by his business acumen and success; Einstein also only had a 10th grade education when he ventured out to begin his career as a renowned inventor.

What Plaintiffs do not state, is that the increased presence of pro se litigants in the court has resulted in more interest in their plight and the challenges it poses for court administration. This interest can be viewed as part of the larger history of court reform, a history that includes the advent of legal services, merit selection, and specialized courts like small claims courts. The national movement towards court reform is reflected in the streamlining of pleading and procedure rules, the adoption of unified court systems, the establishment of racial-gender equality task forces, and the development of user-friendly courts. These developments have all aimed at increasing the quality of legal services and enhancing access to justice. The scarcity of legal services for the poor and the growing numbers of people unable to afford legal services has also led to other access-enhancing developments. These include the bar's increased promotion of pro bono services and the emergence of a growing number of entrepreneurial non-lawyer practitioners and document-preparation services.

The growth of pro se litigation is a sign of the times. It can be attributed to the high cost of litigation, anti-lawyer sentiment, and the advent of **do-it-yourself law kits, books and web sites**. Increased literacy has certainly contributed to the increase in pro

se litigation. Less appreciated is the increase in computer literacy. As educated people of modest means become computer literate, they increasingly take advantage of court websites that make forms available, clinics that provide instruction on proceeding pro se, and pro se self-service centers. Anyone who can read and can access the internet can certainly research case law. Obviously, Defendant is fully capable of both.

In addition, The Federal Rules of Civil Procedure and Local Rules of Civil Procedure are conveniently located on the United States District Court District of Arizona website: http://www.azd.uscourts.gov/ and the United States District Court District of Arizona website has an entire section "Information for those Filing Without an Attorney (Pro Se)", where a pro se litigant can gain forms and insight on how to prepare pleadings. Unlike the Plaintiffs' Counsel, Defendant has actually read the F.R.Crim.P. and the LRCiv. and tries to comply with these Rules.

## II. LAW

Ghostwriting occurs when a "**member of the bar** gives substantial legal assistance, by drafting or otherwise, to a party ostensibly appearing pro se, with the lawyer's actual or constructive knowledge that the legal assistance will not be disclosed to the court." (emphasis added). *Ricotta v. State of California*, 4 F.Supp.2d 961, 987 (S.D. Ca. 1998). While the Plaintiffs cite the Court in *Ricotta*, they fail to state that the Court in *Ricotta* also held that the ghostwriting is **not** covered by any rule or procedural statute. (emphasis added).

A more recent case, which was also lenient to the attorney standing in the shadow, proposed a connection between the ghostwriting and FRCP, Rule 11, or, more precisely, Local Rule 11-1 . See, *Warner v. Reiter*, Not Reported in F.Supp.2d, 2010 WL 4704310 (N.D.Cal., 2010). Although *Warner*'s court expressly declined to define "precise limits" of what constitutes permissible ghostwriting practice, the decision provides hints as to what factors are considered, such as: (a) whether the hidden attorney **is admitted to practice before this court**; (b) whether **the hidden attorney** remains hidden, when his/her presence is suspected, or comes out and admits participation; and (c) whether that **attorney** acts in good faith or caused any prejudice. (emphasis added).

In this immediate action, no member of the bar has assisted Defendant since Daniel Warner withdrew from this action, nor have Plaintiffs submitted any evidence to the contrary.

**No** persons have assisted Defendant in the preparation of any documents, nor has any person ghostwritten any documents for the defendant; however Defendant has had help with research, scheduling and making phone calls. The only persons, none of which are members of any bar association, who have assisted Defendant in this capacity are:

Customer Service Representatives persons at the ACLU

Customer Service Representatives at the Arizona Foundation For Legal Services & Education

Customer Service Representatives at the AZ Attorney General's Office

Customer Service Representatives at Information & Referral Services

Members of the law library staff at the Ross-Blakley Law Library

Clerk of the US District Court

Brent Oesterblad

Kelley Bradbury

Sarah Shea

### III. CONCLUSION

There is more than enough evidence to substantiate the fact that Defendant is more that capable of reading and researching on the internet and then formulating cognizable pleadings to this Court. There is no Rule that prohibits Defendant from receiving help in research, scheduling and making phone calls, so there is no violation of the Federal Rules of Civil Procedure.

**WHEREFORE**, Defendant Rodrick respectfully requests this Court accept his response to this Court's June 30, 2014, Order, renounce him of any wrong doings in regards to the alleged ghostwriter enigma and allow this matter to continue on its merits without any further harassing pleadings from the Plaintiffs regarding this matter.

In addition, Defendant requests that this Honorable Court will allow for leniency in the filing of this Motion by the Defendant, as the Defendant is **not a learned attorney** and is **not afforded the same legal resources** as a learned attorney and does not have

access **to the same law materials** as a learned attorney, nor can he afford to hire a learned attorney. "The court noted that pro se plaintiffs should be afforded "special solicitude"." *Rabin v. Dep't of State*, No. 95-4310, 1997 U.S.Dist. LEXIS 15718 and *Haines v. Keaner*, et al. 404 U.S. 519, 92 s. Ct. 594, 30 L. Ed. 2d 652.

Dated this 10th day of July, 2014,

Respectfully Submitted,

Chuck Rodrick, Defendant, *pro se*
34522 North Scottsdale Road, #120-467
Scottsdale, AZ 85266
480-250-3838
chuckrodrick@gmail.com

## CERTIFICATE OF SERVICE

I, Chuck Rodrick, do hereby certify that on this date I caused a copy of the forgoing Motion to be placed in a postage-paid envelope and depositing the same in the United States Postal Service addressed to all Parties or their counsel of record on this 10th day of July, 2014.

Chuck Rodrick, Plaintiff, *pro se*