

1  Charles Rodrick, *pro per*
2  34522 North Scottsdale Road, #120-467
   Scottsdale, AZ 85266
3  480-250-3838
   chuckrodrick@gmail.com
4
5
6
7                 IN THE UNITED STATES DISTRICT COURT
                              FOR THE
8                       DISTRICT OF ARIZONA

9  John Doe, et al.,
10              Plaintiffs,            No. CV-13-01300-PHX-SRB
11  vs.
12                                     **DEFENDANT'S SUPPLEMENT TO**
                                       **DEFENDANT'S NOTICE OF**
13                                     **MOTION AND MOTION FOR**
                                       **SANCTIONS AND MEMORANDUM**
14                                     **AND POINTS OF AUTHORITIES**
15  Oesterblad, et al.,
16              Defendants.
17
18  **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

19       YOU ARE HEREBY NOTIFIED THAT Defendant Chuck Rodrick hereby
20
21  Supplements his Defendant's Notice of Motion and Motion For Sanctions and moves
22  the Court for an Order imposing maximum sanctions against Plaintiffs John Doe #1,
23  John Doe #2, John Doe #3, John Doe #4, John Doe #5, John Doe #6, John Doe #8, Jane
24
25  Doe #9, Jane Doe #10, Attorney Janice Bellucci and the Law Office of Janice M.
26  Bellucci for violating this Court's, January 27, 2014, Rule 16 Pretrial Order (Dkt. 121)
27  mandating that Plaintiffs and Defendant <u>meet</u> to try and resolve any discovery
28  difficulties.

                                    1

This Court was very specific during the Rule 16 Scheduling Conference that the term "meet" specifically implies that a mere email will not suffice to meet the requirements and that the parties must have participated in **at least one phone call** in addition to any emails in order to fulfill this requirement.

## MEMORANDUM AND POINTS OF AUTHORITIES

### I.  INTRODUCTION

On January 27, 2014, 2014, the Court issued its Rule 16 Order which in pertinent parts states:

> "J. Motions on discovery matters are strongly discouraged. Parties are directed to LRCiv 7.2(j), which prohibits filing discovery motions unless parties have first met to resolve any discovery difficulties. If the parties cannot reach a resolution, they are directed to **jointly** arrange a conference call with the Court to resolve the matter orally in lieu of filing a formal motion." (Dkt. 121, Subsection J) (emphasis added).

Since this Court's January 27, 2014, Rule 16 Order, there have been four (4) telephonic conferences set regarding discovery issues.  Defendant Rodrick scheduled the June 23, 2014 telephonic conference and Bellucci scheduled the remaining three (3):

April 14, 2014 (Dkt. 139)

May 19, 2014 (Dkt. 154)

June 23, 2014 (Dkt. 173)

August 4, 2014 (Dkt. 183)

Counsel for the Plaintiffs ("Bellucci") has failed contact Defendant Rodrick via telephone before she set up **any** of the telephonic conferences with this Court regarding discovery issues, she simply took it upon herself to violate this Court's specific Order and then perpetrated fraud on this Court by claiming that she complied with the telephonic requirement.

In addition to the arguments previously stated in Defendant's Notice of Motion and Motion For Sanctions (Dkt. 185), on July 24, 2014, Bellucci once again violated this Court's same Rule 16 Pretrial Order.

On July 24, 2014, Bellucci, did send an email to Defendant Rodrick stating that the telephonic conference to be held on August 4, 2014, is in regards to the following:

> "Mr. Rodrick and Mr. Johnson - Attached please find order from Judge Bolton setting August 4 at 11:30 a.m. for conference call during which discovery issues will be discussed.  The primary issue to be discussed is Mr. Rodrick's failure to appear for his deposition in June as well as **his refusal to appear for his deposition in July**.  Ms. Bellucci" (emphasis added). [Exhibit 1].

The July deposition referenced by Bellucci in Exhibit 1, is not even scheduled **until** July 25, 2014.  Ms. Bellucci obviously has a crystal ball that predicts the future and it is telling her that Defendant Rodrick will not be at his deposition; there is no other possible explanation for Bellucci's irrational blatant disregard for this Court and its Orders.

3

In addition, since the issue has not even come for fruition, how could she possibly have requested a telephonic conference regarding this issue?  And, Bellucci has made **no** attempt whatsoever to contact Defendant Rodrick by telephone, or any other means for that matter, regarding this issue as required by this Court's Rule 16 Order.  She even went so far as to file with this Court a purported Affidavit of Service regarding the August 4, 2014, scheduled telephonic conference. (Dkt. 184).

## II. LAW

This Court has the inherent authority to enforce compliance with its orders through a civil contempt proceeding. *International Union, UMWA v. Bagwell*, 512 U.S. 821, 827-28, 114 S. Ct. 2552, 129 L.Ed.2d 642 (1991).  A party's disobedience with a specific and definite court order by failing to take all reasonable steps to comply with that order is a form of civil contempt.  *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). The contempt "need not be willful," and there is no good faith exception to the requirement of obedience to a court order. *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1363 (9th Cir. 1987).

This Court retains inherent authority to use its discretion to fashion an appropriate sanction for conduct which abuses the judicial process. *Chambers* v. *NASCO, Inc.*, 501 U.S. 32, 45, 111 S. Ct. 2123, 2133, 115 L. Ed. 21 27 (1991).  "[A] court may assess attorney's fees as a sanction for the 'willful disobedience of a court order.'" *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258, 95 S. Ct. 161 *(quoting Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714,

4

718, 87 S.Ct. 1404  1407, 18 L.Ed.2d 475 (1967)).  Thus, a court's discretion to determine "[t]he degree of punishment for contempt " permits the court to impose as part of the fine attorney's fees representing the entire cost of the litigation. *Toledo Scale Co. v. Computing Scale Co.*, 261 U.S. 399, 428, 43 S.Ct. 458, 466,  7 L.Ed. 719 (1923).  Federal Rule of Civil Procedure 16(f)(2) further mandates that "[i]nstead of or in addition to any other sanction, the court must order the party , its attorney , or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule  unless the noncompliance was substantially justified  or other circumstances make an aware of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Plaintiffs and Plaintiffs' counsel cannot justify that the blatant and willful noncompliance was justified or even in good faith.

Bellucci, not once, not twice, but **three times** has wilfully and knowingly violated this Court's Rule 16 Pretrial  Order and she will continue to do so until an Order from this Court mandates that she comply with **all** of this Court's Pretrial Orders.

## II.  CONCLUSION

It does not get any more obvious that Bellucci has no regard for this Court or this Court's Orders, as Bellucci continually violates them over and over and over again and she will continue to do so until she is stopped by this Court.  Bellucci is not clairvoyant, cannot predict the future and should not be allowed to request discovery-issue related matters that have not yet occurred.

Furthermore, it is obvious that Bellucci never had any intentions of being at the scheduled July 25, 2014, deposition of Defendant Rodrick and therefore, Defendant Rodrick deems it to be cancelled, per the above-referenced email from Bellucci.

**WHEREFORE**, for the above stated reasons, Defendant Rodrick respectfully reiterates his requests that this court enter an Order specifically finding:

(a) the Plaintiffs and Bellucci willfully violated the January 17, 2014, Rule 16 Pretrial Court Order;

(b) that Bellucci in bad faith, made false and misleading statements of material fact and perpetrated fraud on this Court;

(c) striking the finds of facts in the April 14, 2014 and May 19, 2014, telephonic conferences due to Bellucci's willful violation of this Court's Rule 16 Order;

(d) cancelling the scheduled August 4, 2014 telephonic conference, so that the parties may come to an agreeable resolution without this Court's intervention; and

(e) imposing maximum sanctions against Plaintiffs and Bellucci for their overt failure to obey a Pretrial Order pursuant to Rule 16(f) of the Federal Rules of Civil Procedure.

In addition, Defendant Rodrick respectfully requests that this Honorable Court will allow for leniency in the filing of Defendants' Objection Plaintiff's' Motion, as Defendant Rodrick is a not learned attorney and is not afforded the same legal resources as a learned attorney and does not have access to the same law materials as a learned attorney, nor can he afford to hire a learned attorney, **nor is he using a ghost writer in any of his pleadings**. "The court noted that pro se plaintiffs should be afforded "special solicitude"." *Rabin v.*

6

*Dep't of Stat*e, No. 95-4310, 1997 U.S.Dist. LEXIS 15718 and *Haines v. Keaner, et al*. 404

U.S. 519, 92 s. Ct. 594,30 L. Ed. 2d 652.

        Dated this Tuesday, July 24, 2014.      Respectfully Submitted,

Charles Rodrick, Defendant, *pro se*
34522 North Scottsdale Road, #120-467
Scottsdale, *AZ* 85266
480-250-3838
chuckrodrick@gmail.com

## CERTIFICATE OF SERVICE

      I, Chuck Rodrick, do hereby certify that on this date I caused a copy of the

forgoing Motion to be placed in a postage-paid envelope and depositing the same in the

United States Postal Service addressed to all Parties or their counsel of record on this

Tuesday, July 24, 2014.

Chuck Rodrick, Plaintiff, *pro se*

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit 1

1

From: "Janice Bellucci" <jmbellucci@aol.com>
Date: Jul 24, 2014 1:23 PM
Subject: Conference call with Judge Bolton - August 4 at 11:30 a.m.
To: <chuckrodrick@gmail.com>, <ekeithjohnson@gmail.com>
Cc: <mamie.page@yahoo.com>


Mr. Rodrick and Mr. Johnson - Attached please find order from Judge Bolton setting August 4 at 11:30 a.m. for conference call during which discovery issues will be discussed. The primary issue to be discussed is Mr. Rodrick's failure to appear for his deposition in June as well as his refusal to appear for his deposition in July.  Ms. Bellucci


**Law Offices of**
**Janice M. Bellucci**
*235 E. Clark Avenue, Suite C*
*Santa Maria, CA  93455*
*(805) 896-7854*


*This e-mail (including all attachments) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that reading, disseminating, distributing or copying this e-mail, or any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please notify Janice M. Bellucci by telephone at (805) 896-7854 and permanently delete this e-mail from your computer and delete all print or electronic copies of this e-mail.*