Charles Rodrick, *pro se*
34522 North Scottsdale Road, #120-467
Scottsdale, AZ  85266
480-250-3838
chuckrodrick@gmail.com



IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF ARIZONA

| | |
|---|---|
| John Doe, et al.,<br><br>                    Plaintiffs,<br><br>vs.<br><br><br>Oesterblad, et al.,<br><br>                    Defendants. | No. CV-13-01300-PHX-SRB<br><br><br>**DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSIONS FOR JOHN DOE #5** |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS**

Charles Rodrick, pro se, submits the following Requests for Admissions to Defendant John Doe #5, pursuant to FRCivP Rule 36.

**INSTRUCTIONS**

If John Doe #5, (hereafter the "Plaintiff") fails to respond or object to any request within 30 days of the service of the Requests, the matter shall be deemed admitted under Rule 36.

As is more fully set out in Rule 36(a), the Defendant must admit or deny each request, and, where necessary, specify the parts of each request to which it objects or cannot in good faith admit or deny. If the Defendant objects to only part of a Request, it must admit or deny

1

the remainder of the Request. In the event that the Defendant objects to or denies any Request or portion of a Request, the Defendant must state the reasons for its objection or denial.

These Requests shall be deemed continuing and supplemental answers shall be required if you directly or indirectly obtain further information after your initial response as provided by FRCivP Rule 26(e).

Each Request solicits all information obtainable by Plaintiff, from Plaintiff's attorneys, investigators, agents, employees and representatives. If you answer a Request on the basis that you lack sufficient information to respond, describe any and all efforts you made to inform yourself of the facts and circumstances necessary to answer or respond.

**REQUEST FOR SUPPLEMENTATION**

These discovery requests are continuing. In the event that any information or material comes to your attention, possession, custody or control, or the attention, possession, custody or control of your agents, employees, affiliates, subsidiaries, accountants, partners, officers, directors, or attorneys subsequent to the filing of your response, which material or information is responsive to any interrogatory request for production, you are required to furnish said additional information, answers, or material to the opposing attorney as soon as possible.

**DEFINITIONS**

1. The word "or" is used herein in its inclusive sense unless the context clearly requires otherwise.

2. As used herein, "or" and "and" shall mean and/or.

3. As used herein, the singular shall include the plural, and the plural the singular, whenever the effect of doing so is to increase the information responsive to the request for information.

4. The term "document" means and includes without limitation all correspondence, memoranda, certificates, notes, books, manuals, pamphlets, brochures, advertisements, books of account, balance sheets, financial statements, profit and loss statements, working papers, schedules, diaries, calendars, logs, time records, equipment records, microfilms, transcripts, recordings, tapes, telexes, telegrams, files, proposals, bids, offers, contracts, agreements, change orders, worksheets, drawings, blue prints, designs, specifications, time cards, compilations, graphs, charts, bills, statements, invoices, receipts, bills of lading, shipping records, confirmations, applications, purchase orders, checks, checkbooks and other checking records, photographs, formulae, prescriptions, studies, projections, reports, computer programs, information contained in computer banks, tapes, cards, printouts and drafts to the extent they differ from the originals, and all other records and papers of any nature whatsoever.

5. Any reference to a specifically named person, corporation or other entity and any reference generally to "person" shall include the employees, agents, representatives and other persons acting on behalf thereof or through whom the referenced person acts. The term "person" means and includes natural persons, corporations, partnerships, joint ventures, sole proprietorships, associations, trusts, estates, firms and any other entity.

6. "Identify" or "name" means the complete identity, to the extent known or ascertainable by you or your attorneys, agents, directors, officers, employees, partners, subsidiaries and affiliates and includes, without limitation, a request for the following information:

    a. Where the term to be identified is a person, the person's full name, present or last known address and telephone number and present or last known employer;

    b. Where the term to be identified is a document, its character or title, and the author or signatory;

c. Where the item to be identified is a statement, the exact language or nature of the statement and the person who made the statement; and

d. Where the information to be identified is a lawsuit, the name of the lawsuit and the city, state and court where it was filed and the assigned case number.

7. "Photographs" mean all film(s), negative(s), slide(s), photos, polaroids, movie picture(s), videotapes, movies, pictures, whether developed or not.

8. "This lawsuit" shall mean the lawsuit shown in the caption on the first page of this document as well as any ancillary proceedings related or relevant to the above-captioned proceeding.

9. The "last 5 years" shall mean the 5 years preceding the service of this discovery through the present. Pursuant to the supplementation requirement under the Rules of Procedure, you are hereby requested to update your answers to these discovery requests.

10. "Your associates" shall mean your employees, independent contractors, private contractors, subcontractors, agents, servants, partners, representatives, subsidiaries, affiliates, principals, privies, directors, members, managers, and officers

11. The conjunctions "and" and "or" as used herein shall be construed both conjunctively and disjunctively and each shall include the other whenever such dual construction will serve to bring within the scope of these discovery requests information and/or documents which otherwise would not be brought within their scope.

12. The term "Complaint" refers to the complaint in this matter filed by Plaintiffs, which contains the same caption as used above. The term "Answer" refers to the most recent version of Answer in this matter filed by you, which contains the same caption as used above.

13. "Identify," "identity" or "identification," when used in connection with subject matter contained in documentation, means to provide with respect to each document the following information:

(a) The nature of the document, e.g., letter, memorandum, etc.;

(b) The date it was sent;

(c) The date it was received;

(d) The identity of the person sending it;

(e) The identity of the person or persons to whom it was sent;

(f) A statement as to whom such person represented or purported to represent;

(g) A statement of the substance of the subject matter of the document; and

(h) The name and last known address of the person who presently has custody of the document.

14. In the event that your answer to any Discovery Request is "not applicable" or any similar phrase or answer, explain in detail why that Discovery Request is not applicable.

15. In the event that your answer to any Discovery Request is "do not know" or any similar phrase or answer, identify in detail who, if anyone, should know the answer to that Discovery Request, where the answer/information to that Discovery Request might be found, and all efforts made by you to obtain the answer/information to that Discovery Request.

16. These Discovery Requests are intended as continuing Discovery Request, requiring you to answer by supplemental answer, setting forth any information within the scope of the Discovery Requests, which may be acquired by you, your agents, attorneys, employees, or representatives, following your original answers.

17. If you do not understand any of the following discovery requests and/or any the foregoing instructions, please contact the undersigned counsel immediately. In order to facilitate prompt resolution related to discovery complications and/or disputes, counsel is urged to contact the undersigned immediately by phone.

18. In answering these Discovery Requests, please furnish all information available to you, including, by way of illustration only and not limited to, all information in the possession of your attorneys or their investigators, or in the possession of your accountants, advisers, associates, agents or employees.

19. As used herein, "Plaintiff" means, unless otherwise indicated, John Doe #5.

20. As used herein, "Defendant", shall be deemed Charles Rodrick, pro se.

## FIRST SET OF ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**

Admit that you pled guilty to child molestation involving you having oral sex with a boy under the age of 14.

_____ **Admit** _____ **Deny**

**REQUEST FOR ADMISSION NO. 2:**

Admit that you pled guilty to child molestation involving you having oral sex with a boy under the age of 14 as a lesser charge of you having anal sex with a boy under the age of 14.

_____ **Admit** _____ **Deny**

**REQUEST FOR ADMISSION NO. 3:**

Admit you have posted negative statements about Defendant on your website offendextortion.com.

_____ **Admit** _____ **Deny**

**REQUEST FOR ADMISSION NO. 4:**

Admit that you have no evidence to support your claims against the Defendant.

_____ **Admit** _____ **Deny**

**REQUEST FOR ADMISSION NO. 5:**

Admit that all the factual allegations set forth in your claims are true.

_____ **Admit** _____ **Deny**

**REQUEST FOR ADMISSION NO. 6:**

Admit that you are required to register as a sex offender.

_____ **Admit** _____ **Deny**

**REQUEST FOR ADMISSION NO. 7:**

Admit that you told your attorney prior to filing your complaint that you are required to register as a sex offender.

_____ **Admit** _____ **Deny**

**REQUEST FOR ADMISSION NO. 8:**

Admit that your claim in your complaint "Plaintiff John Doe #5 has requested and paid a fee for removal of his name and photo from a privately owned website; however, his name and photo remain on that website" is true.

_____ **Admit** _____ **Deny**

**REQUEST FOR ADMISSION NO. 9:**

Admit that you told your attorney that your claim in your complaint "Plaintiff John Doe #5 has requested and paid a fee for removal of his name and photo from a privately owned website; however, his name and photo remain on that website" is true.

_____ **Admit** _____ **Deny**

**REQUEST FOR ADMISSION NO. 10:**

Admit that you were truthful during your sworn deposition on April 7, 2014.

_____ **Admit** _____ **Deny**

**REQUEST FOR ADMISSION NO. 11:**

Admit that you were sentenced to a term of imprisonment for pleading guilty to child molestation.

_____ **Admit** _____ **Deny**

**REQUEST FOR ADMISSION NO. 12:**

Admit that you have a public criminal record.

_____ **Admit** _____ **Deny**

**REQUEST FOR ADMISSION NO. 12:**

Admit that some of your claims in your complaint are false.

_____ **Admit** _____ **Deny**

**REQUEST FOR ADMISSION NO. 13:**

Admit that you have given all of the evidence to support your claims in your complaint to your attorney.

_____ **Admit** _____ **Deny**

Dated this 29th day of July, 2014.

Respectfully Submitted,

*[signature]*

Charles Rodrick, Defendant, *pro se*
34522 North Scottsdale Road, #120-467
Scottsdale, AZ 85266
480-250-3838
chuckrodrick@gmail.com

## CERTIFICATE OF SERVICE

I, Chuck Rodrick, do hereby certify that on this date I caused a copy of the forgoing document to be placed in a postage-paid envelope and depositing the same in the United States Postal Service addressed to all Parties or their counsel of record on this Tuesday, July 29, 2014.

*[signature]*

Chuck Rodrick, Plaintiff, *pro se*